William R. Brennan, Jr., J.
The petitioner moves to reargue a motion made by and decided in favor of respondents for dismissal of the petition because the petition was not presented to the court within 30 days after the filing of the decision of the Board of Zoning Appeals in the office of the Village Clerk (Village Law, § 179-b).
On reargument it is urged that the petitioner and her attorneys were misled by the Village Clerk and his deputy who are alleged to have stated that the village does not file such decisions and that no decision would be filed. The Clerk, his deputy, *210 and the chairman of the Board of Zoning Appeals dispute this and state that the physical minutes containing the decision were approved at a meeting of the board held on September 19, 1960 and were then filed in the office of the Clerk who placed them in the zoning cases filing drawer in his office where they became and are a public record since that date.
"Whatever the dispute as to the conversations about filing (and that dispute need not be resolved), it is not controverted that the decision was in fact physically delivered into the hands of the Clerk whose duty it was to file them. Delivery of a decision to the official whose duty it is to file them, places them in his official custody and their deposit in the place where his official records and papers are usually kept, constitutes filing of the decision (Matter of Stanley v. Board of Appeals of Piermont, 168 Misc. 797, 800 ; Worden v. State of New York, 2 Misc 2d 955, 957). The court finds that such filing took place on September 19, 1960 and that the petition was, therefore, not timely served (see Matter of Samuels v. Laufer, 14 Misc 2d 208). Accordingly, the motion for reargument is granted and upon reargument the original decision is adhered to.