■ GAR-DAN CORP. et al., Respondents, v. AETNA CASUALTY & SURETY COMPANY et al., Appellants, et al., Defendant.— Three orders of the Supreme Court, Nassau County, one dated August 9, 1968 and two dated October 11, 1968, affirmed, with one bill of $10 costs and disbursements. (Cf. *Seifert* v. *McLaughlin*, 15 A D 2d 555.) Appellants' time to serve the further bill of particulars is extended until 15 days after entry of the order hereon. Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.

■ HOB ENTERPRISES CORP., Appellant, v. ROSLYN PARK HOLDING CORP. et al., Respondents, et al., Defendant.— Order of the Supreme Court, made in Queens County on December 5, 1968, affirmed, with $10 costs and disbursements. No opinion. Rabin, Acting P. J., Benjamin, Munder and Kleinfeld, JJ., concur; Martuscello, J., dissents and votes to reverse the order and to grant plaintiff's motion for summary judgment on the ground that there are no triable issues of fact (*Graf* v. *Hope Bldg. Corp.*, 254 N. Y. 1).

■ In the Matter of STEVEN GOLDSTEIN, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Proceeding dismissed on the merits and respondent's determination dated May 16, 1968 confirmed, without costs. On the factual situation presented, it is our view that there is substantial evidence to support the finding of gross negligence. Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.

■ In the Matter of ANGELO PELLILLO, Respondent, v. JOSEPH F. FIORE, as Clerk of the Town of Harrison, Appellant.— In a proceeding pursuant to CPLR article 78, the Clerk of the Town of Harrison appeals from a judgment of the Supreme Court, Westchester County, dated August 22, 1968, which ordered him to issue a certificate of approval of a subdivision plat to petitioner in accordance with subdivision 4 of section 276 of the Town Law, based on the failure of the Planning Board of said town to take action on petitioner's plat within the time limitation of said section. Judgment reversed, on the law, with $10 costs and disbursements, and petition dismissed on the merits. Petitioner filed a plat which he entitled "Preliminary of Site Map". When the Planning Board failed to take action within the time limitation of subdivision 4 of section 276 of the Town Law, petitioner brought this proceeding to compel the issuance of a certificate of approval pursuant thereto. The Special Term granted the relief requested by the petition. We are of the opinion that the judgment was erroneous because the plat as filed was not in final form and, accordingly, subdivision 4 of section 276 is not applicable. Furthermore, since the Planning Board has never been empowered to consider preliminary plats, subdivision 3 of section 276 of the Town Law is inapplicable. Beldock, P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.