◼ In the Matter of BERNICE L. BROWER, Respondent, v BOARD OF ZONING APPEALS OF THE INCORPORATED VILLAGE OF VALLEY STREAM, Appellant.—In a proceeding pursuant to CPLR article 78 to review appellant's determination, made on August 25, 1975, after a hearing, which denied petitioner-respondent's application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County, entered August 25, 1976, which, *inter alia,* granted the application and annulled the determination. Judgment reversed, on the law, without costs or disbursements, determination confirmed and proceeding dismissed on the merits. In our view the appellant board of zoning appeals did not abuse its discretion in denying petitioner's application for an area variance. The evidence in the record clearly indicates that the petitioner failed to establish that the denial of the variance would result in the infliction of either significant economic hardship or practical difficulty. "Before the zoning authority is required to explain why the public health and welfare requires adherence to the zoning standard, the petitioner must first come forward with proof of significant economic injury" (*Matter of Cowan v Kern,* 41 NY2d 591, 596; see, also, *Matter of National Merritt v Weist,* 41 NY2d 438). Petitioner alleged, and it was established at the hearing before the board, that the subject premises currently has a value of $1,000 and that if the variance were granted it would have a value of $10,000. In calculating whether financial hardship would be suffered by the owner by denying the application for an area variance, "inquiry should properly focus upon the value of the parcel as presently zoned, rather than upon the value that the parcel would have if the variance were granted" (*Matter of Cowan v Kern, supra,* p 597). Since petitioner did not produce any proof establishing her original purchase price for the subject property, there is no basis upon which to support a finding of economic hardship. Moreover, the record is equally clear that any hardship was willingly assumed by petitioner's predecessor in interest. During the period between 1941 through 1967, the minimum lot size for a one-family residence was 4,000 square feet. During that period petitioner's predecessor in title subdivided all of its property in a manner which left the present 3,048 square-foot parcel unsold, as a substandard parcel. It has been stated by one authority "If the peculiar circumstances which render the property incapable of being used in accordance with the restrictions contained in the ordinance have been themselves caused or created by the property owner or his predecessor in title, the essential basis of a variance, i.e., that the

hardship be caused *solely* through the manner of operation of the ordinance upon the particular property, is lacking" (2 Rathkopf, Law of Zoning & Planning, ch 48, § 1, p 48-1; see, also, *Matter of 113 Hillside Ave. Corp. v Zaino,* 27 NY2d 258). Although a self-imposed hardship does not prevent the board from granting a variance in a proper exercise of discretion *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309), "the existence of a self-created hardship does not entitle the landowner to demand a variance" *(Matter of Cowan v Kern,* 41 NY2d 591, 597, *supra;* see *Matter of National Merritt v Weist,* 41 NY2d 438, *supra).* In sum, the appellant board did not abuse its discretion in denying petitioner's application for an area variance and that determination should have been sustained *(Matter of Cowan v Kern, supra).* Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.