■ In the Matter of ROBERT D. McEVOY et al., Respondents, v MICHAEL B. ADAMS et al., Constituting the Zoning Board of Appeals of the City of Rye, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of Rye, dated July 19, 1977, which, after a hearing, denied the application of petitioners McEvoy for two area variances, the appeal is from a judgment of the Supreme Court, Westchester County, dated December 30, 1977, which annulled the determination and directed the zoning board to grant the variances. Judgment reversed, on the law, without costs or disbursements, and matter remanded to the zoning board for a new hearing and determination in accordance herewith. Petitioners McEvoy sought two area variances from the zoning board to enable them to build a one-family house on a substandard lot which they had contracted to purchase from petitioner Filanowski. The subject parcel has a width of 66.03 feet and a land area of 6,607 square feet; the zoning ordinance requires a width of 85 feet and a land area of 10,000 square feet. The applicants did not appear at the hearing before the board. Instead, the Corporation Counsel of the City of Rye, acting as a neutral party to the proceedings, testified as to the foregoing facts. In opposition to the application, a number of community residents claimed that a house on the lot in question would distort the character of the neighborhood and detract from the value of their properties. The board denied the application upon a determination that the house would have an adverse effect on the neighborhood. Subsequent to the board's decision, Filanowski allowed the McEvoys to rescind the contract. On appeal, Special Term found that the requisite "practical difficulties" had been shown and ordered the zoning board to issue the variances sought. In our view, the zoning board did not abuse its discretion in denying the McEvoys' application for the area variances. Since they failed to produce any proof establishing what Filanowski originally paid for the subject property, there was no basis upon which to support a finding of economic hardship (see Matter of Cowan v Kern, 41 NY2d 591; Matter of Brower v Board of Zoning Appeals of Inc. Vil. of Valley Stream, 58 AD2d 863). However, there must be a new hearing so that the zoning board can reconsider the request. Filanowski, presently the real party in interest, did not personally present the facts upon the original application. Therefore,

she must be given the opportunity to show that denial of the area variances would cause her practical difficulties or economic hardship. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.