■ In the Matter of ROBERT B. STEWART et al., Appellants, v

ZONING BOARD OF APPEALS OF THE TOWN OF NEW CASTLE, Respondent. (Proceeding No. 1.) In the Matter of ROBERT B. STEWART et al., Appellants, v BUILDING INSPECTOR OF THE TOWN OF NEW CASTLE, Respondent. (Proceeding No. 2.) In the Matter of ROBERT B. STEWART et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF NEW CASTLE et al., Respondents. (Proceeding No. 3.)—In (1) a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of New Castle dated May 30, 1984, which denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Cerrato, J.), dated April 24, 1985, which, *inter alia,* dismissed the proceeding, (2) a proceeding pursuant to CPLR article 78 to compel the Building Inspector of the Town of New Castle to issue a building permit to the petitioners, the petitioners appeal from a judgment of the same court, entered May 3, 1985, which, *inter alia,* dismissed the proceeding, and (3) a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of New Castle, dated October 3, 1984, which upheld the interpretation of the Planning Board of the Town of New Castle as to the location of the rear lot line of the petitioners' property, the petitioners appeal (a) from a judgment of the same court, entered April 25, 1985, which granted the respondents' motion to dismiss the petition on the ground of lack of personal jurisdiction, and (b) from an order of the same court, entered June 20, 1985, which denied their motion to reargue the respondents' motion to dismiss.

Ordered that the appeal from the order entered June 20, 1985 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgments are affirmed, without costs or disbursements.

The Zoning Board of Appeals of the Town of New Castle did not abuse its discretion when it denied the petitioners' application for an area variance, since the petitioners failed to show that the denial of the variance would cause significant economic injury *(see, Matter of Cowan v Kern,* 41 NY2d 591, 596-597; *Matter of Brower v Board of Zoning Appeals,* 58 AD2d 863).

Nor was the Building Inspector of the Town of New Castle required to issue a building permit for the petitioners' amended site plan application. Contrary to the petitioners' claim, the Planning Board did not violate Town Law § 274-a

(2) by failing to act upon the site plan application within 45 days of the close of the hearing thereon. On July 17, 1984, the Planning Board voted to appeal to the Zoning Board of Appeals the Building Inspector's interpretation of the zoning ordinance. Pursuant to Town Law § 267 (2) and (4), the taking of the appeal tolled the running of the 45-day period.

Finally, we agree with Special Term's finding that service of the third petition pursuant to CPLR article 78 upon the Town Clerk was insufficient to acquire jurisdiction over the respondents Zoning Board of Appeals and the Planning Board of the Town of New Castle *(see, Matter of Sengstacken v Zoning Bd. of Appeals,* 87 AD2d 651; *Matter of Beck v Goodday,* 24 AD2d 1016). Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.