■ In the Matter of JOSEPH DE BELLIS et al., Appellants, v WILLIAM LUNEY et al., Constituting the Zoning Board of Appeals of the Village of Tarrytown, Respondents, and ELIO DeCECCHIS, et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Tarrytown, dated January 9, 1984, which granted a variance to the intervenors-respondents, the petitioners appeal from an order of the Supreme Court, Westchester County (Ritter, J.), dated August 19, 1985, which dismissed the petition as against intervenors-respondents as time barred by the applicable Statute of Limitations.

Ordered that the petitioners' notice of appeal is treated as an application for leave to appeal, said application is referred to Presiding Justice Mollen and leave to appeal is granted by Presiding Justice Mollen *(see,* CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed, and it is further,

Ordered that the intervenors-respondents are awarded one bill of costs payable by the appellants.

The Zoning Board of Appeals granted the intervenors-respondents a variance after a public hearing on January 9, 1984. An original copy of the minutes of this hearing, containing the decision granting the variance, was filed in the office of the Village Clerk on January 13, 1984. The petitioners commenced this proceeding to set aside the Board's decision on September 12, 1984. The intervenors' motion to dismiss the petition as barred by the applicable 30-day Statute of Limitations (see, Village Law § 7-712 [3]) was granted, the trial court finding that the Statute of Limitations commenced running when the minutes containing the decision was filed in the office of the Village Clerk. We now affirm.

Contrary to the petitioners' contention, the intervenors were not barred, as nonmunicipal parties, from moving to dismiss on the ground of untimeliness since the municipal respondents participated in the proceedings and did not waive this defense (see, Matter of Smith v Board of Educ., 104 AD2d 445; Matter of Cougevan v Martens, 85 AD2d 890; Matter of Hans v Burns, 48 AD2d 947). The filing with the Village Clerk of the minutes of a Board meeting which contained the decision and resolution of the Board, reflecting each member's vote and a formal procedure in which the Board acted as a body, was sufficient to start the running of the Statute of Limitations pursuant to Village Law § 7-712 (3) (see, e.g., Matter of Pierce v Mannion, 267 App Div 958; Matter of Samuels v Laufer, 28 Misc 2d 209; Matter of Stanley v Board of Appeals, 168 Misc 797). The final decision granting the variance was made on January 9, 1984, and the Statute of Limitations began running when the minutes containing this decision were filed in the office of the Village Clerk on January 13, 1984 (see, Matter of East Fishkill Fedn. for Envtl. Conservation Today v Ward, 56 AD2d 652; Coffee v Board of Trustees, 22 AD2d 910). The fact that certain conditions were to be complied with thereafter did not extend the time for the commencement of the running of the Statute of Limitations. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.