In the Matter of HENRY S. KING, JR., et al., Appellants, v NITA J. CHMIELEWSKI, as Town Clerk of the Town of Coeymans, et al., Respondents.

Third Department, March 30, 1989

## APPEARANCES OF COUNSEL

*Paul M. Whitaker* for appellants.

*McNamee, Lochner, Titus & Williams, P. C. (Francis J. Smith* of counsel), for respondents.

## OPINION OF THE COURT

WEISS, J. P.

At a meeting of respondent Town of Coeymans Planning Board on September 2, 1987, petitioners submitted an applica-

tion to subdivide their 6.62-acre parcel of land into four residential building plots. The Town Planning Board scheduled a special meeting and a public hearing for September 16, 1987 to consider the application. At that meeting, several Town Planning Board members and town residents expressed concerns over purported restrictions in petitioners' deed, the proposed septic system, the provisions for drainage and the size of the lots, which appeared smaller than others in the area. Petitioners were informed that their application required preliminary review by the Albany County Planning Board because the property abutted a county roadway, as evidenced by an updated map petitioners submitted at the meeting (see, General Municipal Law § 239-n). The next day, the application was referred to the County Planning Board. The county review was received on October 21, 1987 and raised objections as to the adequacy of the proposed access right-of-way and concerns with soil stability. At its next meeting on November 4, 1987, the Town Planning Board voted to deny petitioners' subdivision application. The minutes of that meeting were delivered to the Town Planning Board office the next day. By letter dated November 6, 1987, the Town Planning Board chairman notified petitioners' attorney that the application had been denied. In the interim, by letter dated November 3, 1987, petitioners applied to respondent Town Clerk for issuance of a certificate of subdivision approval by default due to the purported failure of the Town Planning Board to act upon their application within the 45-day period provided by statute (see, Town Law § 276 [4]). By letter dated November 12, 1987, the Town Clerk rejected this default demand.

Petitioners commenced this CPLR article 78 proceeding on December 16, 1987 for a judgment compelling the Town Clerk to issue a certificate of approval of their subdivision by default, or, alternatively, annulling the Town Planning Board's determination denying their application or declaring the town's subdivision regulations unconstitutional per se or as applied to them. Supreme Court dismissed the petition as time barred. Upon granting petitioners' motion for reargument, the court adhered to its original determination (139 Misc 2d 529). This appeal by petitioners ensued.

■ Initially, we find that the proceeding against the Town Planning Board was time barred. Town Law § 282 provides that a proceeding seeking review of a Town Planning Board decision must be commenced within 30 days after the decision

is filed in the Planning Board office. Here, the minutes of the November 4, 1987 Town Planning Board meeting were delivered to the Town Planning Board office on November 5, 1987. Although petitioners contend otherwise, we find the delivery of the minutes equivalent to the "filing of the decision" (Town Law § 282) so as to trigger the 30-day provision. Moreover, the statute does not speak in terms of when the applicant is notified, as suggested by petitioners, but focuses on the filing with the Planning Board. Since this proceeding was not commenced until December 16, 1987, it was properly dismissed as untimely with respect to the Town Planning Board.

■ We reach a contrary conclusion with respect to the petition against the Town Clerk. In our view, respondents have misread Town Law § 282 in asserting that the 30-day limitation therein provided applies to a determination of the Town Clerk. This provision, as we read it, applies only to determinations of a Planning Board; the reference to "any officer, department, board or bureau of the town" (Town Law § 282) merely confers standing on the enumerated persons or entities to challenge a Town Planning Board decision (see, Matter of Save the Pine Bush v Planning Bd., 83 AD2d 741, 742 [construing similar language in General City Law § 38]; 24 Carmody-Wait 2d, NY Prac § 145:254, at 49-50). Notably, Town Boards may authorize, by ordinance, the "proper local authorities" (Town Law § 268 [2]) to pursue judicial enforcement of the local zoning provisions, where necessary. Accordingly, petitioners' challenge to the Town Clerk's refusal to issue a default certificate is not governed by the time constraints delineated in Town Law § 282, but by CPLR 217, which imposes a four-month limitation period. By this standard, the proceeding against the Town Clerk was timely commenced.

■ The question presented is whether the Town Clerk was obligated to issue a default certification. This aspect of the proceeding is predicated on Town Law § 276 (4), which, in effect, requires a Town Planning Board to rule on a subdivision application within 45 days after a public hearing.* In the event the Town Planning Board fails to comply within the prescribed period, "the plat shall be deemed approved and a

---

* Under the town's zoning regulations, petitioners' application relates to a minor subdivision (see, Subdivision Regulations, Town of Coeymans, arts II, III, § 2). The procedural rules attendant "preliminary plats", as set forth in Town Law § 276 (3), do not pertain (see, Matter of Pellillo v Fiori, 32 AD2d 788).

certificate of the clerk of the town * * * shall be issued on demand" (Town Law § 276 [4]). As indicated, the Town Planning Board hearing was held on September 16, 1987. By petitioners' account, the 45-day period within which the Town Planning Board was required to decide their application expired no later than November 2, 1987. The statute, however, speaks to a plat submitted in *final form (see, Matter of Pellillo v Fiori,* 32 AD2d 788). Respondents maintain, and we agree, that the application was not finalized until the Town Planning Board actually received the written recommendation of the County Planning Board on October 21, 1987 *(see,* General Municipal Law § 239-n). Not until this juncture was the Town Planning Board authorized to proceed on the application *(see, Matter of Zagoreos v Conklin,* 109 AD2d 281, 286). Moreover, by the town's own regulations, a "final plat" anticipates a subdivision proposal "containing all information or detail required by law * * * and which if approved, may be duly filed or recorded * * * in the office of the County Clerk or Register" (Subdivision Regulations, Town of Coeymans, art II; *see,* Town Law § 276 [2] [b]). On this basis, we find that the 45-day period set forth in Town Law § 276 (4) was tolled pending the county review *(cf., Matter of Stewart v Zoning Bd. of Appeals,* 127 AD2d 599, 601 [interpreting analogous provision in Town Law § 274-a, albeit with an express tolling provision in Town Law § 267 (2), (4)]). By virtue of this tolling, the Town Planning Board's November 4, 1987 application denial was well within the required 45 days. Consequently, petitioners' demand for a default certification was properly rejected.

▪ Finally, petitioners' constitutional claim is manifestly unfounded. The record is devoid of any evidence indicating that racial discrimination was a motivating factor in this case *(see, Arlington Hgts. v Metropolitan Hous. Corp.,* 429 US 252, 265-266).

MIKOLL, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Judgment affirmed, without costs.