■ In the Matter of BARBARA R. KENNEDY, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF CROTON-ON-HUDSON et al., Respondents, and BARRY FIELDS et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Croton-on-Hudson, dated December 19, 1988, which granted the application of the intervenors Ernest Dixon and Iris D'Alvia for a side-yard, set-back area variance, the petitioner appeals from so much of a judgment of the Supreme Court, Westchester County (Carey, J.), entered June 21, 1989, as dismissed the first and second causes of action asserted in the petition.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents and the intervenors-respondents appearing separately, and filing separate briefs.

The Zoning Board of Appeals of the Village of Croton-on-Hudson (hereinafter the Board) granted the intervenors Ernest Dixon and Iris D'Alvia a variance from a side-yard, set-back requirement of the zoning ordinance, after a public hearing held on December 19, 1988. A copy of the minutes of this hearing, incorporating the Board's determination granting the variance, was filed in the office of the Village Clerk on or about January 4, 1989. In addition, by public notice dated January 3, 1989, the Board had announced that the variance application would be "continued" and "heard" at a January 11, 1989, public meeting of the Board. At this meeting, the only action taken by the Board with reference to the variance application was to "approve" the minutes of the December 19, 1988, meeting.

On or about February 8, 1989, the petitioner, an adjoining landowner, commenced this proceeding to set aside the Board's determination granting the variance. As a first cause of action, the petitioner alleged that there was no proper basis upon which to grant the application for an area variance. As a second cause of action, the petitioner sought to compel the intervenors to abide by certain conditions imposed upon a use-change variance for the same property granted in May 1983 and an off-street parking variance granted in June 1983.

The separate motions of the respondents to dismiss the petitioner's first and second causes of action, and that of the intervenors-respondents Fields to dismiss the first cause of

action, were granted, the trial court finding that the first cause of action accrued when the minutes of the December 19, 1988, meeting, incorporating the Board's determination granting the side-yard, set-back variance were filed in the office of the Village Clerk, and that the second cause of action was barred by the of doctrine laches. We now affirm.

The filing with the Village Clerk of the minutes of the Board meeting, which incorporated the determination of the Board, reflecting each member's vote and the formal procedure by which the Board acted as a body, was sufficient to start the running of the Statute of Limitations pursuant to Village Law § 7-712 (3) *(see, Matter of De Bellis v Luney,* 128 AD2d 778; *cf., Matter of McCartney v Incorporated Vil. of E. Williston,* 149 AD2d 597). We do not find persuasive the petitioner's assertion that the determination of the Board did not become final for purposes of the Statute of Limitations (Village Law § 7-712 [3]) until the minutes of the December 19, 1988, meeting reflecting the determination of the Board were "approved" at the January 11, 1989, meeting *(see,* Village Law § 7-712 [3]). The decision reached at the December 19th meeting, which was reflected in the minutes filed on January 4, 1989, remained entirely unaffected by the Board's subsequent action *(cf., Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352).

The petitioner's second cause of action, which was in the nature of mandamus to compel, was also properly dismissed. The record indicates that the petitioner had at least 2½ years in which to make demand that the intervenors be required to comply with the conditions attached to the 1983 use-change and area variances. In the context of a mandamus proceeding, such protracted delay in making a demand constitutes laches *(see, Community Bd. No. 3 v State of New York, Off. of Mental Retardation & Developmental Disabilities,* 76 AD2d 851; 24 Carmody-Wait 2d, NY Prac § 145:245). In addition, we note that the invocation of the equitable defense of laches in the context of a mandamus proceeding requires no showing of prejudice to the moving party *(see, Matter of Sheerin v New York Fire Dept. Arts. 1 & 1B Pension Funds,* 46 NY2d 488, 495-496). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.