■ In the Matter of HOWARD PICKETT et al., Appellants, v TOWN OF TUSTEN ZONING BOARD OF APPEALS et al., Respondents.—Harvey, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 4, 1990 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Petitioners commenced this CPLR article 78 proceeding to

challenge respondents' determinations granting a use variance on August 22, 1989 and approving a site plan on September 18, 1989 allowing the construction of a septic waste transfer station in a residential subdivision in Sullivan County known as Lenape Hills Estates. Respondents moved to dismiss the proceeding as untimely and Supreme Court granted the motion. This appeal followed.

We affirm. Challenges to respondents' decisions must be instituted within 30 days after their filing with the Town Clerk (see, Town Law § 267 [7]; § 274-a [3]). Failure to commence a proceeding within this time period requires dismissal of the petition (see, e.g., Sutherland v Lalli, 143 AD2d 827; Matter of Bayer v Zoning Bd. of Appeals, 133 AD2d 83). For purposes of calculating the period for seeking review of these determinations, delivery of the minutes of meetings to the Town Clerk is equivalent to filing the decision so as to trigger the 30-day appeal provision (see, Matter of King v Chmielewski, 146 AD2d 102, affd 76 NY2d 182; Matter of De Bellis v Luney, 128 AD2d 778).

Here, although the applicable minutes were not time stamped, respondents submitted in support of their motion to dismiss various invoices and also affidavits from the Tusten Town Clerk and respondents' secretary, the parties with knowledge of the date of filing (cf., Watsky v Town of Ossining Planning Bd., 136 AD2d 634). This evidence sufficiently established the dates the minutes were filed, which were more than 30 days before the challenges by petitioners were initiated (see, supra). We disagree with petitioners that the affidavits were insufficiently precise to establish the filing dates. Moreover, although petitioners argue that Supreme Court should have ordered a hearing, we note that petitioners do not allege that the minutes were not filed at all, nor do they even suggest alternative dates to the ones proffered by respondents. Because such speculative attacks on the veracity of respondents' proof do not raise issues of fact requiring resolution, Supreme Court correctly dismissed the petition without a hearing.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.