■ In the Matter of VINCENT GAGLIARDI et al., Appellants, v BOARD OF APPEALS OF VILLAGE OF PAWLING et al., Respondents.—Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (Hillery, J.), entered September 13, 1991 in Dutchess County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* dismissed the petition as time barred, and (2) from an order of said court, entered October 25, 1991 in Dutchess County, which denied petitioners' motion for reargument.

Supreme Court did not abuse its discretion in permitting respondents Zoning Board of Appeals and Planning Board of the Village of Pawling (hereinafter collectively referred to as respondents) to serve an amended answer to interpose a Statute of Limitations defense. Leave to serve an amended pleading is to be freely granted and petitioners failed to make any showing of prejudice or surprise in opposing the proposed amendment *(see,* CPLR 3025 [b]; *Sassone v Town of Queensbury,* 157 AD2d 891; *Dykes v Valentino,* 147 AD2d 525). Furthermore, the fact that an amended pleading may defeat a party's cause of action is not a sufficient basis for denying the motion to amend *(see, DeGradi v Coney Is. Med. Group,* 172 AD2d 582, *lv denied* 78 NY2d 860; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, at 356-357).

We next consider whether Supreme Court properly dismissed the petition based on respondents' timeliness argument. Village Law § 7-712 (3) required petitioners to commence their proceeding "within thirty days after the filing of [the Zoning Board's] decision in the office of the village clerk". Here, the Zoning Board's resolution does not indicate on its face the date when it was received by the Village Clerk. Instead, it is dated and signed by the Zoning Board's secretary. The affidavit by the Zoning Board's secretary states that the resolution was filed with the Village Clerk because he signed and dated it and, on that same date, filed it in the appropriate folder, the method used for filing by the Zoning Board. An affidavit submitted by the Village Clerk indicated

that the practice for filing Zoning Board decisions was to have either the Village Clerk or the Zoning Board secretary sign and date them and then place them in the appropriate file folder in the Village Clerk's office. In our view, this evidence sufficiently established the date the resolution was filed (May 31, 1990) and, because petitioners did not commence this proceeding until October 1, 1990, it was untimely *(see, Matter of Pickett v Town of Tusten Zoning Bd. of Appeals,* 169 AD2d 906). Also, petitioner Sally Gagliardi admits that on September 7, 1990 she obtained a copy of the resolution from the Village Clerk. Although Gagliardi claims that the copy was not made from a file maintained in the Village Clerk's office but from the Zoning Board's own files, her arguments in support of this assertion are unpersuasive and are directly contradicted by the Village Clerk's affidavit *(see also, Matter of King v Chmielewski,* 146 AD2d 102, *affd* 76 NY2d 182).

The appeal from the order denying reargument was improper and must be dismissed *(see, Sturgis v Wolfe,* 148 AD2d 770). Petitioners' remaining contentions have been considered and rejected for lack of merit.

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the appeal from order is dismissed, without costs.