■ In the Matter of VINCENT A. CASOLARO, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF ELMSFORD, Respondent. [607 NYS2d 79] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Elmsford, dated November 28, 1990, which denied the petitioner's application for certain area variances, the appeal is (1) from a judgment of the Supreme Court, Westchester County (Herold, J.), entered November 7, 1991, which dismissed the proceeding as time-barred, and (2) as limited by the appellant's brief, from so much of an order of the same court (Rosato, J.), entered February 10, 1992, as, upon reargument, adhered to the original determination dismissing the proceeding.

Ordered that the appeal from the judgment is dismissed, as that judgment was superseded by the order entered February 10, 1992, made upon reargument; and it is further,

Ordered that the order entered February 10, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

At the conclusion of the November 28, 1990 hearing, the Zoning Board of Appeals of the Village of Elmsford unequivocally and unanimously rejected the petitioner's variance application. The filing of the minutes of this meeting on December 14, 1990, was sufficient to begin the running of the 30-day period of limitation prescribed by Village Law § 7-712 (3). The fact that the Board announced its intention of issuing findings of fact and conclusions of law at a later date, and in fact did so at a subsequent meeting held on May 22, 1991, did not compromise the finality and binding nature of its prior unambiguous determination (see, Matter of Kennedy v Zoning Bd. of Appeals, 78 NY2d 1083; Matter of De Bellis v Luney, 128 AD2d 778). The respondent's failure to make supportive findings on November 28, 1990, would only make the decision

arbitrary and not void *(see, Matter of Open Space Council v Planning Bd.,* 152 AD2d 698), and therefore did not toll the running of the Statute of Limitations. Although the petitioner was granted leave to place additional newly available evidence on the record at the May 22, 1991, meeting, the Board's prior denial of his application remained entirely unaffected by this circumstance *(see, Matter of Kennedy v Zoning Bd. of Appeals,* 167 AD2d 542, *affd* 78 NY2d 1083, *supra).* Therefore, the Supreme Court properly dismissed the proceeding as time-barred. Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.