■ THOMAS L. STERNER, Appellant, v LAKE GEORGE REGIONAL WINTER FESTIVAL, INC., Defendant, and SCOTT BOUDREAU, Doing Business as B & M PRODUCTIONS, Respondent. [701 NYS2d 533] —Crew III, J. Appeal from an order of the Supreme Court (Keniry, J.), entered December 10, 1998 in Saratoga County, which granted defendant Scott Boudreau's motion to vacate a default judgment in favor of plaintiff.

Plaintiff was injured during the early morning hours of February 17, 1996 while riding an all-terrain vehicle on the ice on Lake George in Warren County. According to plaintiff, the accident occurred when he ran into a rope that had been stretched across the ice as a barrier for a Lake George Winter Festival event. Prior to the commencement of this personal injury action, plaintiff's attorney wrote a letter to defendant Scott Boudreau (hereinafter defendant) in May 1996 concerning the incident, and defendant forwarded the letter to his insurer. Scott Draiss, an employee of Allied Adjustment Service, thereafter investigated the matter on the insurer's behalf and had numerous contacts with defendant and plaintiff's counsel. In November 1997, Draiss resigned and Allied's office closed, although mail apparently still was delivered through the mail slot.

In the interim, plaintiff commenced this action in May 1997 and effected service upon defendant shortly thereafter. Based upon his prior notification to the insurer and the investigation by Draiss, defendant did not forward the papers to the insurer or to Draiss. As a result of the closure of Allied's office, a courtesy copy of the summons and complaint, which plaintiff's attorney mailed to Draiss in October 1997, never was forwarded to the insurer. A default judgment was entered against defendant in April 1998 and defendant promptly moved to vacate the default. Supreme Court granted the motion, resulting in this appeal by plaintiff.

Defendant's reliance upon his prior notification to the insurer and his knowledge of the ensuing investigation by Draiss, together with the confusion created by Draiss' resignation and the closure of the Allied office, provides a reasonable excuse for defendant's default and demonstrates the necessary lack of willfulness (*see, Kasriels v Barnard Coll.*, 256 AD2d 909, 910;

*Wilcox v U-Haul Co.*, 256 AD2d 973; *Steel Krafts Bldg. Materials & Supplies v Komazenski*, 252 AD2d 731, 731-732). Even accepting plaintiff's contention that the proferred excuse amounted to nothing more than the insurer's law office failure, Supreme Court was not precluded from exercising its discretion to excuse the default (*see*, CPLR 2005). Additionally, defendant's allegations that he and his crew did not place any ropes across the ice and that no accident involving an all-terrain vehicle occurred during the early morning hours of February 17, 1996 in the vicinity of his work clearly are sufficient to demonstrate a meritorious defense. Under these circumstances, and in the absence of any prejudice to plaintiff, we are of the view that Supreme Court did not abuse its discretion in granting defendant's motion.

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.