■ In the Matter of VALERIE SMITH, Appellant, v TOWN OF PLATTEKILL et al., Respondents. [711 NYS2d 838] —Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Bradley, J.), entered April 23, 1998 in Ulster County, which, *inter alia*, upon reconsideration, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted certain respondents' motion to dismiss the proceeding/action as time barred, and (2) from a judgment of said court, entered October 29, 1998 in Ulster County, which denied petitioner's motion for reconsideration.

This proceeding/action stems from various applications by and on behalf of respondents Michael Lembo, Jr., Mary Lembo, Mary Lembo Family Trust, Mike Lembo Enterprises and Michael Lembo, III (hereinafter collectively referred to as the Lembo respondents) related to the permitted use of property owned by the Lembo respondents in the Town of Plattekill, Ulster County. Petitioner sought to challenge various actions taken by respondents Zoning Board of Appeals of the Town of Plattekill and Planning Board of the Town of Plattekill.

In March 1995 the Zoning Board, interpreting the Town zoning ordinance, determined that property owned by the Lembo respondents could be used as an off-road motorcycle racing facility and referred the matter to the Planning Board for consideration of a site plan application. On October 22, 1996 the Planning Board held a hearing and determined that this was an "unlisted" action under the State Environmental Quality Review Act (ECL art 8) and at a meeting on January 14, 1997 issued final site plan conditional approval for the race track.

In May 1997 petitioner, owner of real property adjacent to the Lembo respondents' property, commenced this combined CPLR article 78 proceeding and action for declaratory judgment challenging, *inter alia*, the Planning Board and the Zoning Board's determinations on behalf of herself and a community organization of owners of real property in the Town known as the Concerned Plattekill Residents. Prior to filing their responsive pleadings, the Zoning Board, Planning Board and respondents Town of Plattekill and Robert Smith, Jr., as Zoning Enforcement Officer of the Town (hereinafter collectively referred to as the moving respondents), moved to dismiss the petition/complaint based on the Statute of Limitations, lack of standing and failure to state a cause of action. Supreme Court found that the Concerned Plattekill Residents group had

no standing to bring the lawsuit but that petitioner did have standing. The court denied the motion seeking dismissal on Statute of Limitations grounds finding that while Town Law § 267-c (1) (applicable to zoning boards) and § 274-a (11) (applicable to planning boards) require commencement of a judicial proceeding within 30 days of the filing of each board's determination with the Town Clerk, the moving respondents failed to dispute petitioner's allegation that the challenged decisions had never been so filed.

The moving respondents then sought reargument of that portion of their motion seeking dismissal on Statute of Limitations grounds. This reargument motion was supported by the additional affidavits of former Town Clerk Cynthia Delgado, who averred that the March 14, 1995 Zoning Board resolution was filed in her office in the Town Hall within one month of that date, and current Town Clerk Barbara Davies, who averred that she filed the October 22, 1996 Planning Board minutes in the Town office in January 1997 and filed a copy of the January 14, 1997 Planning Board minutes in that office in February 1997. Supreme Court granted the motion to reargue and dismissed the proceeding/action against the moving respondents as untimely. Petitioner then sought reconsideration, which was denied by Supreme Court. Petitioner now appeals both determinations.

Petitioner argues that Supreme Court erred in summarily granting the moving respondents' motion to reargue and dismissing the petition/complaint because material issues of fact existed regarding the Zoning Board and Planning Board's compliance with Town Law § 274-a (11) and § 267-c. We agree that the motion for reargument should not have been granted.

The moving respondents' motion for reargument did not claim that Supreme Court overlooked any significant facts or misapplied the law in its original decision, necessary elements of such a motion (see, Spa Realty Assocs. v Springs Assocs., 213 AD2d 781, 783). By seeking to have the court reconsider its prior decision on the basis of new evidence (the affidavits of the current and former Town Clerks), the moving respondents did not seek reargument but renewal of their prior motion, and by not proffering any excuse for not including this new evidence in support of their original motion, the moving respondents failed to comply with the requirements of a motion to renew (see, Grassel v Albany Med. Ctr. Hosp., 223 AD2d 803, 804, lv

*dismissed and denied* 88 NY2d 842).* While aware that a court may have permitted a motion to renew and consider previously known but not submitted evidence (*see, Canzoneri v Wigand Corp.*, 168 AD2d 593, 594), to do so here would amount to an abuse of discretion (*cf., Sterner v Lake George Regional Winter Festival*, 268 AD2d 950; *Brand v New York City Hous. Auth.*, 169 AD2d 472, *lv denied* 77 NY2d 807).

Finally, since our determination that Supreme Court erred in granting the moving respondents' motion for reargument is dispositive of this appeal, we need not address the sufficiency of the moving respondents' newly submitted proof which attempted to establish the requisite filing of the Zoning Board's resolution and the Planning Board's hearing minutes (*see, Matter of Pickett v Town of Tusten Zoning Bd. of Appeals*, 169 AD2d 906; *see also, Matter of Powell v Town of Coeymans*, 238 AD2d 788; *Matter of Gagliardi v Board of Appeals*, 188 AD2d 923, *lv denied* 81 NY2d 707).

Cardona, P. J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment entered April 23, 1998 is modified, on the law, with costs to petitioner, by reversing so much thereof as granted certain respondents' motion to dismiss the proceeding/action as time barred; said motion denied; and, as so modified, affirmed. Ordered that the appeal from the judgment entered October 29, 1998 is dismissed, as academic.

---

* CPLR 2221 (as amended by L 1999, ch 281, § 1 [eff July 20, 1999]) codified these requirements.