■ SUZETTE PADUANO et al., Respondents, v JAMES BOLAND, Individually and Doing Business as JIM BOLAND'S GOODYEAR TIRE & CERTIFIED AUTO SERVICE CENTER, Appellant. [715 NYS2d 360] —Order unanimously reversed on the law without costs, plaintiffs' motion denied, defendants' motion granted and complaint dismissed. Memorandum: Plaintiffs commenced this negligence action after Suzette Paduano (plaintiff) slipped and fell in defendants' parking lot. Supreme Court erred in granting plaintiffs' motion for reargument and, upon reargument, denying defendants' motion for summary judgment dismissing the complaint. Although labeled a motion for reargument, plaintiffs do not allege that the court "overlooked any significant facts or misapplied the law in its original decision, neces-

sary elements of such a motion" (*Matter of Smith v Town of Plattekill*, 274 AD2d 900, 901). Plaintiffs submitted new evidence in support of their motion, i.e., an affirmation of plaintiffs' attorney explaining why a statement of a witness submitted in opposition to defendants' motion was not in admissible form, and thus the motion was for renewal (*see, Matter of Smith v Town of Plattekill, supra*). The court should have denied the motion based on plaintiffs' failure to offer any excuse for not including that explanation in opposition to defendants' motion, as required on a motion to renew (*see, Matter of Smith v Town of Plattekill, supra*; *Grassel v Albany Med. Ctr. Hosp.*, 223 AD2d 803, 804, *lv dismissed in part and denied in part* 88 NY2d 842). In any event, the explanation of plaintiffs' attorney was not an acceptable excuse for plaintiffs' failure to submit proof in admissible form in opposition to defendants' motion (*see, Villager Constr. v Kozel & Son*, 222 AD2d 1018, 1018-1019; *Jacobs v Schleicher*, 124 AD2d 785, 786). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.