■ In the Matter of EDWARD PLATZMAN et al., Appellants, v ENNIO MUNNO et al., Respondents. [722 NYS2d 886] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Orangetown, dated July 21, 1999, which denied the petitioners' application for a use variance, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Dillon, J.), dated March 24, 2000, which granted the respondents' motion to dismiss the proceeding as time-barred.

Ordered that the judgment is affirmed, with costs.

Pursuant to Town Law § 267-c (1), the petitioners had 30 days after the filing of the respondents' determination denying their application for a use variance to commence a proceeding to review that determination. The filing in the office of the Town Clerk occurred on September 8, 1999; however, it is undisputed that the petitioners did not commence this proceeding until November 5, 1999. Accordingly, the Supreme Court properly granted the motion to dismiss the proceeding as time-barred (*see, Matter of Kennedy v Zoning Bd. of Appeals,* 78 NY2d 1083; *Matter of Casolaro v Zoning Bd. of Appeals,* 200 AD2d 742; *Matter of Pickett v Town of Tusten Zoning Bd. of Appeals,* 169 AD2d 906).

The petitioners' contention that the respondents should be estopped from asserting the Statute of Limitations as a defense is unavailing. It is well settled that estoppel is generally unavailable against a municipality or governmental entity (*see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274). In any event, the petitioners did not demonstrate that the respondents engaged in any fraud, misrepresentation, deception, or other improper conduct that would warrant the ap-

plication of the principles of estoppel (see, Simcuski v Saeli, 44 NY2d 442; Kroin v City of New York, 210 AD2d 95).

The petitioners' remaining contentions are without merit.

Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.