Kane, J.
Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered November 26, 2002 in Warren County, which, inter alia, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, partially granted a motion by respondents Jean M. Rooney and Michael R. Micheli to dismiss the petition/complaint.
In June 2002, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action to challenge the 1998 approval by respondent Town of Lake George Planning Board (hereinafter the Board) to subdivide Cooper Point Island in the Town of Lake George, Warren County, and its 2002 approval which slightly altered the property lines of the previously subdivided parcels. Petitioner also sought a declaration that the remaining respondents, the Island owners and their contract vendee, failed to comply with conditions earlier imposed by the Board. Respondents Jean M. Rooney and Michael R. Micheli brought a preanswer motion to dismiss. The other respondents raised affirmative defenses in their answers *745 or cross-moved to dismiss. Supreme Court severed the declaratory judgment cause of action (5th cause of action) and joined it with a related action.[1] The court dismissed the cause of action alleging lack of notice of the 1998 and 2002 public hearings (2nd cause of action). The court also dismissed, as time-barred, the remaining causes of action to the extent that they challenged the 1998 approval, the challenge to the 2002 approval’s classification as a minor subdivision, and the Board’s application of a zoning classification. Petitioner appeals.
In determining motions to dismiss under CPLR 7804 (f) or 3211, the “court may not look beyond the petition and must accept all” its allegations as true (Matter of Scott v Commissioner of Correctional Servs., 194 AD2d 1042, 1043 [1993]; see Matter of Mattioli v Casscles, 50 AD2d 1013 [1975]). Only affidavits submitted by petitioner and exhibits attached to the petition may be considered on such a preanswer motion (see Matter of Board of Educ., Lakeland Cent. School Dist. of Shrub Oak v State Educ. Dept., 116 AD2d 939, 941 [1986]). Although Supreme Court improperly considered affidavits submitted by respondents, the petition, exhibits and affidavits submitted by petitioner provide sufficient support for the court’s decision.
State law and town subdivision regulations only required notice of the Board’s public hearings on the 1998 and 2002 subdivision approvals by publication in a local newspaper (see Town Law § 276 [5] [d] [ii]; Code of Town of Lake George § 150-7 [E]). Such publication accorded petitioner with all the notice to which it was entitled. Because petitioner did not allege that the Board’s informal notice policy was motivated by an intent to discriminate on the basis of impermissible considerations, petitioner did not properly allege that' the Board’s failure to provide it individualized notice created a constitutional equal protection violation (see Matter of Northway 11 Communities v Town Bd. of Town of Malta, 300 AD2d 786, 788-789 [2002]). Thus, Supreme Court properly dismissed petitioner’s second cause of action claiming inadequate notice.
A 30-day statute of limitations applies to any challenges concerning the Board’s decisions (see Town Law §§ 267-c, 282). To determine when the statute of limitations began, a court must first ascertain what administrative decision is actually being presented for review, then determine when that decision became final and binding (see Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton, 279 AD2d 756, 758 *746 [2001] , appeal withdrawn 96 NY2d 915 [2001]). Challenges to the Board’s 1998 subdivision approval are time-barred, and references or reaffirmations of that approval in the 2002 approval do not renew or revive the limitations period for the 1998 decision (see Matter of Save the Pine Bush v Town Bd. of Town of Guilderland, 272 AD2d 689, 691-692 [2000]).
Petitioner’s attempts to estop respondents from asserting a statute of limitations defense is unavailing. Although inducement “by fraud, misrepresentations or deception to refrain from filing a timely action” can result in such estoppel (Simcuski v Saeli, 44 NY2d 442, 448-449 [1978]; see Matter of Saferstein v Lawyers’ Fund for Client Protection, 298 AD2d 726, 727-728 [2002] , lv denied 99 NY2d 505 [2003]), that remedy “is generally unavailable against a municipality” (Matter of Platzman v Munno, 282 AD2d 539, 539 [2001]; see Matter of Gelbard v Board of Zoning Appeals of Inc. Vil. of New Hyde Park, 238 AD2d 419, 420 [1997], lv denied 91 NY2d 807 [1998]). Additionally, here, there is no allegation that the Board engaged in any fraud, misrepresentation or deception upon which petitioner relied. The Board cannot be estopped from raising the statute of limitations based on alleged fraud and misrepresentations by the remaining respondents. Supreme Court properly dismissed as time-barred petitioner’s challenges to the 1998 approval and narrowed challenges to the 2002 approval—which merely altered the property lines of the lots involved in the 1998 subdivision approval—so as to prevent review of any matter actually decided in 1998, but mentioned or reaffirmed in the later approval.[2]
Supreme Court also properly severed the fifth cause of action and paired it with the related action for trial. Severance may be ordered “[i]n furtherance of convenience” (CPLR 603; see CPLR 407), and the trial court’s determination will not be disturbed absent abuse of discretion or prejudice to a party’s substantial rights (see Finning v Niagara Mohawk Power Corp., 281 AD2d 844, 844 [2001]). Petitioner was not deprived of its day in court on its fifth cause of action, but was simply required to share that day with the companion action rather than this CPLR article 78 proceeding. Considering the similarity of issues presented, this solution was convenient for the court and the litigants.
Crew III, J.P, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

. This Court recently addressed summary judgment motions in the related action (see Green Harbour Homeowners’ Assn. v G.H. Dev. & Constr., 307 AD2d 465 [2003]).

. Such matters include the Board’s zoning classification of the area encompassing the subdivision and the characterization of the application as a “minor” subdivision approval.