Matter of Fox v Planning Bd. of the Inc. Vil. of Plandome (2023 NY Slip Op 05131)

Matter of Fox v Planning Bd. of the Inc. Vil. of Plandome

2023 NY Slip Op 05131

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-07660
 (Index No. 601136/21)

[*1]In the Matter of Mitchel Fox, et al., appellants,
v
Planning Board of the Incorporated Village of Plandome, et al., respondents.

Walsh Markus McDougal & DeBellis, LLP, Garden City, NY (Kevin M. Walsh of counsel), for appellants.
Morici & Morici, LLP, Garden City, NY (Paul R. Pepper of counsel), for respondent Planning Board of the Incorporated Village of Plandome.
Forchelli Deegan Terrana LLP, Uniondale, NY (Richard A. Blumberg, Danielle E. Tricolla, and Judy L. Simoncic of counsel), for respondent 1029 Ahbrew, LLC.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Incorporated Village of Plandome dated October 22, 2020, granting the application of the respondent 1029 Ahbrew, LLC, for preliminary approval of a proposed subdivision, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 1, 2021. The order and judgment granted the motion of the respondent 1029 Ahbrew, LLC, pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the petition as time-barred, and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs payable by the petitioners to the respondent 1029 Ahbrew, LLC.
In 2018, the respondent 1029 Ahbrew, LLC (hereinafter Ahbrew), the owner of a 4.5-acre parcel of land located in the Village of Plandome, sought preliminary approval from the Village Planning Board (hereinafter the Planning Board) to subdivide its property. The Planning Board granted the application at a meeting on October 22, 2020. The minutes of the meeting were filed with the Village Clerk on October 30, 2020.
On January 27, 2021, the petitioners commenced this proceeding pursuant to CPLR article 78 against the Planning Board and Ahbrew to review the Planning Board's determination to grant Ahbrew's application. Ahbrew moved pursuant to CPLR 3211(a)(5) and 7804(f) to dismiss the petition as time-barred. By order and judgment entered October 1, 2021, the Supreme Court granted the motion, and, in effect, denied the petition and dismissed the proceeding. The petitioners appeal.
Under Village Law § 7-740, a proceeding pursuant to CPLR article 78 to review a decision of a planning board "must be commenced within thirty days after the filing of the decision [*2]in the office of the village clerk." Here, the decision to grant Ahbrew's application for preliminary subdivision approval was made on October 22, 2020, and the statute of limitations began to run when the minutes containing that decision were filed with the Village Clerk on October 30, 2020 (see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson , 78 NY2d 1083, 1083; Matter of De Bellis v Luney , 128 AD2d 778, 779). Contrary to the petitioners' contention, neither the fact that the Planning Board's counsel indicated to them that a written decision memorializing the Planning Board's decision at the meeting would follow, nor the fact that the Village Clerk did not provide them with a copy of the duly filed minutes of the subject meeting in response to their request for other related but distinct documents, demonstrates that the petitioners were misled or otherwise affected by any ambiguity or uncertainty as to the date of the filing of the subject meeting minutes for statute of limitations purposes (see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson , 78 NY2d at 1083; Matter of Casolaro v Zoning Bd. of Appeals of Vil. of Elmsford , 200 AD2d 742, 742).
Under such circumstances, the Supreme Court properly granted the motion to dismiss, and, in effect, denied the petition and dismissed the proceeding.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court