■ CAROLYN A. COON, Appellant, v GERALD J. BROWN, Respondent. [596 NYS2d 597] —Harvey, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered May 6, 1992 in Madison County, which granted defendant's motion for summary judgment dismissing the complaint.

On July 24, 1987, the motor vehicle that plaintiff was driving was struck from behind by a vehicle driven by defendant while plaintiff was stopped on a roadway signaling to make a left turn. Immediately following the accident, plaintiff noticed a severe pain in her neck and a progressive discomfort in the area of her back that extended to her extremities. Plaintiff was taken to the hospital, treated at the emergency room and released. X rays taken at the time revealed no evidence of acute injury, dislocation or subluxations. However, the X rays did show a preexisting defect in the area of plaintiff's cervical seven vertebra. Plaintiff went to see her family physician, who prescribed muscle relaxants and referred her to Walter Gilsdorf, an orthopedic surgeon, for an evaluation. Gilsdorf's initial examination on September 14, 1987 failed to reveal any evidence of external injury to plaintiff. Her cranial nerves were intact and she had an essentially full range of motion in her neck and back. His diagnosis was that, as a result of the accident, plaintiff had suffered "a cervical strain, a lumbar strain, and a bruise to her left shoulder". Thereafter, Gilsdorf began treating plaintiff on a regular basis. Plaintiff continued to complain of pain or numbness in her neck and other areas of her body but MRI and

nerve conduction study tests were negative for objective injury.

Plaintiff ultimately commenced this personal injury action against defendant alleging that she was permanently partially disabled. Following joinder of issue and discovery, defendant moved for summary judgment asserting that plaintiff failed to meet the "serious injury" threshold as required by Insurance Law § 5102 (d). Supreme Court agreed and dismissed the complaint. This appeal by plaintiff followed.

We affirm. To meet the statutory threshold of "serious injury" contained in Insurance Law § 5102 (d), plaintiff's claim of "permanent partial disability" must fit into one of the statutory definitions contained in the statute. Because there is nothing in the pleadings or any medical evidence to support a claim that plaintiff's condition falls within the category of limitation of use of an "organ or member", the question distills to whether her claim falls within the remaining categories of permanent loss of use of a body function or system, significant limitation of a body function or system or whether a nonpermanent injury prevented her from performing substantially all her usual and customary activities for not less than 90 days during the 180 days following the accident.

Regarding the issue of whether plaintiff has sustained a permanent loss of use or significant limitation of a body function or system, we must agree with Supreme Court that the serious injury threshold has not been met. Significantly, in support of his motion for summary judgment, defendant submitted the deposition testimony of Gilsdorf, plaintiff's treating physician. In his testimony, Gilsdorf specifically admitted that his diagnosis of permanent partial disability was based solely on plaintiff's subjective complaints of pain. In fact, he stated at another point that he was somewhat perplexed concerning plaintiff's continuing complaint of muscle pain in light of the fact that there was no objective medical evidence to explain it. In opposition to defendant's motion, plaintiff submitted her own affidavit, her attorney's affidavit which was not based on first-hand knowledge, her bill of particulars, selected excerpts of Gilsdorf's deposition testimony and two unsworn medical reports from different physicians.

While the medical reports are hearsay (see, Rapp v Suriano, 162 AD2d 837, 838), we note in passing that they do not contradict Gilsdorf's conclusion that any finding of disability by plaintiff is based solely on her subjective complaints of pain. We agree with Supreme Court that the sum and substance of Gilsdorf's testimony results in a conclusion that

"plaintiff's injury consists of mild pain upon certain neck movement resulting in some slight curtailment or limitation with respect to heavy physical activity". Such a condition is insufficient to constitute a serious injury for purposes of Insurance Law § 5102 (d) *(see, Short v Shawn,* 188 AD2d 815; *see also, Licari v Elliott,* 57 NY2d 230, 236; *Gaddy v Eyler,* 167 AD2d 67, 72, *affd* 79 NY2d 955).

As for Supreme Court's conclusion that plaintiff has not made a prima facie showing pursuant to the second clause of Insurance Law § 5102 (d), i.e., that she was substantially unable to perform her normal activities for at least 90 of the 180 days following the accident, we are in similar agreement. As previously mentioned, even at Gilsdorf's first examination of plaintiff on September 28, 1987, he found no objective medical evidence to support plaintiff's claims of discomfort and he noted at that time she was "getting around and was doing things at home with some limitation". Although plaintiff, who is presently employed as a bank teller, did not work during the statutory period following the accident, it is undisputed that she was "between jobs" at the time of the accident.

Plaintiff's bill of particulars states only that plaintiff "was confined to bed and home, intermittently the first few *weeks* following the accident" (emphasis supplied). In plaintiff's affidavit she states that for some unspecified period of time following the accident she needed help getting out of bed and going to the bathroom; therefore, she moved back home with her parents so that they "could care for [her] and assist [her] in [her] normal chores". Plaintiff does not detail how long these conditions allegedly lasted. Instead, she states only that her ability to care for herself and work around the home has been "dramatically changed" as a result of the accident. In addition, plaintiff makes much of a statement by Gilsdorf in his deposition that, at some unspecified point following the commencement of his treatment of plaintiff in September 1987, he authorized home health aides for plaintiff through the middle of November 1987. Supreme Court correctly notes that although the record does not disclose when such services commenced, the "need for some type of assistance", even if continuing for the statutory period, does not establish as a matter of law an inability to perform "substantially all" of one's usual activities. On a summary judgment motion, a party is required to lay bare all proof that facilitates a finding of an issue of fact (CPLR 3212 [b]). Given the vagueness and nonspecific nature of plaintiff's allegations, we decline to

disturb Supreme Court's grant of summary judgment in defendant's favor.

Levine, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.