■ Rose De Thomasis et al., as Trustees for Yolanda Carbone, et al., Appellants, v Christopher C. Riccardi, Respondent. [598 NYS2d 403] —Weiss, P. J. Appeal from an order of the Supreme Court (Hughes, J.), entered January 3, 1992 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

On November 16, 1989, the premises located at 297 Central Avenue in the City of Albany were damaged by a fire apparently originating at 299 Central Avenue, an abutting structure owned by defendant. The owners of 297 Central Avenue and their commercial tenant commenced this action alleging that defendant was negligent in failing to secure the vacant upstairs apartment at 299 Central Avenue against use by homeless vagrants who plaintiffs contend caused the fire. After a trial note of issue was filed, defendant moved for summary judgment.

In an unambiguous affidavit supported with depositions, defendant demonstrated that the rear entrance to the upstairs apartment had been covered with plywood secured to the frame and door and that the front door was locked with a deadbolt. Defendant further stated that this secure condition existed when he inspected the premises approximately one week before the fire. Plaintiffs' opposition to the motion included an affidavit by their attorney summarizing what purported to be portions of an investigative report by the fire department. This report was contained in a file maintained by the City of Albany Building Department. The affidavit includes, as an apparent excuse for the failure to produce proof of the report in evidentiary form, the following statement: "The City has declined my request to voluntarily produce a copy of that report." Supreme Court found the opposition to be inadequate and granted summary judgment to defendant.

Plaintiffs contend on this appeal that they have adequately provided an acceptable excuse for their failure to meet the strict requirement of the tender of proof in admissible form (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068). We disagree and affirm. Plaintiffs have failed to demonstrate the specific diligent efforts made, if any, to acquire what facially appears to be a nonconfidential public record. The conclusory assertion for their failure to produce

the fire report or to obtain a statement from the identified author of that report is unacceptable *(see, Friends of Animals v Associated Fur Mfrs., supra,* at 1068).

Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.