■ Sean McNair, by His Mother and Natural Guardian, Betty McNair, Appellant, v Alex Ofori et al., Respondents. (And a Third-Party Action.) [604 NYS2d 727] —Order, Supreme Court, New York County (Edward Lehner, J.), entered September 4, 1992, which granted a motion by defendants and third-party plaintiffs and a cross-motion by the third-party defendant for summary judgment dismissing the complaint and

third-party complaint, and denied a cross-motion by plaintiff for partial summary judgment dismissing an affirmative defense, unanimously affirmed, without costs.

Defendants permissibly used unsworn reports of the plaintiff's doctors, disclosed to defendants by plaintiff (see, Lowe v Bennett, 122 AD2d 728, 729, affd 69 NY2d 700), to demonstrate that plaintiff's claimed "serious injury" was based on conclusory assertions about his condition (see, Cannizzaro v King, 187 AD2d 842, 843), and on subjective assertions of his pain (see, Coon v Brown, 192 AD2d 908, 909). Plaintiff did not show that he was limited in any activities that could be called "daily tasks" (Sole v Kurnik, 119 AD2d 974, 975, lv dismissed 68 NY2d 806), nor did he demonstrate that any of his disabilities persisted for at least 90 days during the 180 days immediately following his accident (Insurance Law § 5102 [d]).

We have considered the plaintiff's remaining arguments, and find them to be without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.