■ DEVERTON GILPHILIN, Plaintiff, and THELMA HANSON, Appellant, v JOHN P. WARE, Respondent. [613 NYS2d 594] — Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered May 4, 1993, which denied plaintiff-appellant's motion for summary judgment and granted defendant's cross-motion for summary judgment dismissing the complaint, and order, same court and Justice, entered August 23, 1993, which, inter alia, denied plaintiff-appellant's motion to renew, unanimously affirmed, without costs.

Defendant's contention that appellant did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d) was sufficiently demonstrated by appellant's deposition testimony and the medical records she supplied in disclosure (McNair v Ofori, 198 AD2d 47), making it appellant's burden to come forward with "competent, admissible medical evidence" sufficient to raise an issue of fact that she did sustain such an injury (McLoyrd v Pennypacker, 178 AD2d 227, 228, lv denied 79 NY2d 754). The physician's statements appellant offered on her motion to renew failed to meet this burden, first because they were neither sworn nor affirmed to be true under penalty of perjury (supra), and also because they were not based on any diagnostic tests objectively measuring the alleged harm caused to appellant's fetus when, unaware that she was pregnant, x-rays were taken after the accident (Deangelo v Marcia Serv. Corp., 199 AD2d 58), or other evidence tending to show that the abortion appellant had was advisable because of harm to the fetus caused by either the accident or ensuing treatment. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.