■ GARY MOORE, Appellant, v RONALD TAPPEN et al., Respondents, and EUGENE PREVAL, Defendant. [661 NYS2d 665] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (LeVine, J.), entered July 11, 1996, as granted that branch of the motion of the defendants Ronald Tappen and Magazine Distributors, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, based upon the plaintiff's failure to sustain a serious injury as defined by Insurance Law § 5102 (d), and denied the plaintiff's cross motion for summary judgment against the above-named defendants on the issue of liability and (2) so much of an order of the same court entered January 27, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered July 11, 1996, is dismissed as that order was superseded by the order entered January 27, 1997, made upon reargument; and it is further,

Ordered that the order entered January 27, 1997, is reversed insofar as appealed from, and, upon reargument, the portion of the order entered July 11, 1996, which granted that branch of the motion of the defendants Ronald Tappen and Magazine Distributors, Inc., which was for summary judgment and denied the plaintiff's cross motion for summary judgment against those defendants is vacated, that branch of the motion of the defendants Ronald Tappen and Magazine Distributors, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is denied, and the cross motion by the plaintiff for summary judgment against Ronald Tappen and Magazine Distributors, Inc., on the issue of liability is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The evidence submitted by the defendants Ronald Tappen and Magazine Distributors, Inc., failed to make out a prima

facie case that the plaintiff had not sustained a serious injury. The statements prepared by Dr. Stephen Gilbert and Dr. Eli Bryk were neither sworn to nor affirmed to be true under penalty of perjury and thus did not constitute competent evidence (see, CPLR 2106; Gilphilin v Ware, 205 AD2d 353).

In any event, in response to the respondents' motion, the plaintiff submitted sworn medical affirmations documenting specific degrees of limitation of motion of the right lower extremity. In addition, it is not disputed that the plaintiff's complaints of pain were objectively correlated in a Magnetic Resonance Imaging study showing one herniated and one bulging lumbar disc. The plaintiff's physician averred that this disc pathology was causally related to the instant automobile accident, and would constitute a permanent disability. Accordingly, there is a triable issue of fact as to whether the plaintiff suffered a "serious injury" under the standards set by Insurance Law § 5102 (see, e.g., Jackson v United Parcel Serv., 204 AD2d 605; Morsellino v Frankel, 161 AD2d 748).

Further, under these circumstances, where it was undisputed that the plaintiff was a passenger in a parked car at the time of the occurrence and the truck operated by the defendant Ronald Tappen collided with the car, there are no triable issues of fact (see, CPLR 3212 [b]) as to whether the defendants Tappen and Magazine Distributors, Inc., were liable for the accident. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.