■ MAUREEN FITZPATRICK, Respondent, v LINDA SPOTTIS-WOOD et al., Appellants. [664 NYS2d 575] —In an action to recover damages for personal injuries, (1) the defendant Linda Spottiswood appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.),

dated January 22, 1997, as granted the plaintiff's motion for renewal and, upon renewal, (a) vacated so much of a prior order of the same court, dated June 25, 1996, as had granted the defendant Spottiswood's motion for summary judgment dismissing the complaint insofar as asserted against her and the codefendants' cross claims and (b) denied her motion for summary judgment, and (2) the defendants Jessica C. Fernandez and Howard S. Lieberman separately appeal, as limited by their brief, from so much of the order dated January 22, 1997, as granted the plaintiff's motion for renewal and, upon renewal, (a) vacated so much of the order dated June 25, 1996, as had granted their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and (b) denied their cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court did not improvidently exercise its discretion in treating the plaintiff's motion as one to renew (*see, Oremland v Miller Minuteman Constr. Corp.,* 133 AD2d 816).

Moreover, the physician's affidavit, which the plaintiff submitted upon renewal, provided objective evidence of the extent or degree of the limitation of movement of the plaintiff's cervical spine and its duration (*see, Beckett v Conte,* 176 AD2d 774), thus raising a triable issue of fact (*see,* CPLR 3212 [b]) as to the existence of a serious injury as defined by Insurance Law § 5102 (d). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.