■ CHERCO, INC., Appellant, v TOWN SQUARE MALL ASSOCI-ATES, INC., et al., Respondents. [668 NYS2d 404] —Peters, J. Appeal from an order of the Supreme Court (Rose, J.), entered December 10, 1996 in Broome County, which granted defendants' motion for summary judgment dismissing the complaint.

This action alleges nonpayment in connection with plaintiff's work on defendants' project known as Town Square Mall in the Town of Vestal, Broome County. It remains undisputed that there were at least two contracts between these parties, one for $235,000 and the second for $225,000. Plaintiff contends that defendants asked it to perform work outside of the scope of such contracts in return for additional compensation and that these oral change orders amounted to $1,476,325 due plaintiff, with only $983,551 paid. Upon defendants' refusal to pay the outstanding balance, plaintiff commenced this action alleging breach of contract, quantum meruit, implied contract and fraud.

Defendants moved for dismissal alleging the existence of both releases in connection with these two contracts and a third contract with its attendant release. Although plaintiff acknowledged the release of the first two contracts, it denied signing both the third contract and its release, maintaining that there existed an oral contract between the parties.

In its January 1994 order, Supreme Court found that the releases extinguished any claims against defendants alleging. breach of contract, implied contract or quantum meruit which arose from the first two contracts. With respect to the third contract, whether oral or written, it found a question of fact to be raised as to its very existence, let alone release, and the amount of recovery, if any, still due plaintiff. With the fraud claims dismissed in their entirety, defendants thereafter pursued discovery solely in connection with the amount alleged to be outstanding pursuant to the third contract.

Defendants commenced with a request for the discovery of relevant documents. After receiving "a carton filled with documents" which were "incapable of interpretation", it deposed plaintiff's president on three separate occasions. According to defendants, such depositions yielded little information. After serving interrogatories seeking specific information pertaining

only to the damages claimed, plaintiff's perfunctory response triggered a motion to compel. On August 16, 1996, Supreme Court ordered plaintiff to serve, within 30 days of the date of that decision, verified responses to the interrogatories posed. It specified that such responses should "clearly state all amounts claimed as damages on plaintiff's remaining cause of action for services and equipment unrelated to the first two contracts * * * how each amount was calculated, and, at a minimum, the detailed information concerning those services and equipment which was requested by defendants". Recognizing the overproduction of documents submitted by plaintiff, the court specifically ordered that the "responses shall not require defendants to perform any arithmetical computation in order to ascertain the requested information".

Upon reviewing plaintiff's new responses, defendants again claimed them to be inadequate. After further communication and extensions of time, defendants moved to dismiss the final claim remaining from the January 1994 order. Counsel for plaintiff explained that he had a vigorous work schedule which precluded him from having the ability to meticulously detail the information requested and that plaintiff had already produced those documents from which the information could be culled. Further explaining that it was required to provide a monumental amount of information in "an unreasonably short period of time" since the entire billing method "on this contract agreement" was orally changed in mid-June to a "costs plus" basis, plaintiff represented that it would be "prepared to produce invoices" which would demonstrate such change by the time of trial. Notwithstanding its inclusion of a revised computation of employee, equipment and subcontractor costs, Supreme Court, by order entered December 10, 1996, granted defendants' motion for summary judgment.* It opined that defendants were entitled to full disclosure of the monetary breakdown supporting the damages claimed. Since plaintiff failed to raise an issue of fact undermining the validity of the third written contract and release or in support of its request for damages based upon an oral contract falling outside of the scope of the first two contracts, the court dismissed the last remaining cause of action.

Upon our review, we find no error. With plaintiff failing to provide any information during the two years and 11 months

---

* Such determination was rendered after a preliminary hearing on the original return date and an adjournment of the motion for one week to permit defendants to respond. After further oral argument on such date, Supreme Court reserved decision.

that this action was pending to support its claim for damages, defeat defendant's showing or present a viable excuse for its failure to do so, Supreme Court appropriately dismissed the last remaining cause of action (*see, Rivera v Our Lady of Knox R. C. Church,* 197 AD2d 764, 765; *De Thomasis v Riccardi,* 194 AD2d 849).

While we find the claim for quantum meruit properly raised on this appeal (*see, Burke v Crosson,* 85 NY2d 10, 15-16), we find that Supreme Court correctly determined that there existed no basis to proceed on such theory (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *Panetta v Tonetti,* 182 AD2d 977, *lv denied* 80 NY2d 756).

Accordingly, we affirm the order of Supreme Court in its entirety.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.