■ John Serbalik, Appellant, v General Motors Corporation et al., Respondents. [676 NYS2d 250] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 12, 1997 in Saratoga County, which denied plaintiff's motion for renewal of a prior motion by defendants for summary judgment dismissing the complaint.

After purchasing a new 1985 Cadillac automobile from defendant Queensbury Motors, Inc., plaintiff experienced mechanical problems with the car, following which he commenced this suit charging defendants with, *inter alia,* fraud and unfair or deceptive selling practices. Defendants' motion for summary judgment—brought nearly 10 years after issue was joined—was granted, prompting plaintiff to appeal as well as to seek renewal before Supreme Court. On appeal, summary judgment was found to have been properly granted (246 AD2d 724). Before us now is plaintiff's appeal from Supreme Court's denial of his motion to renew.

We affirm. A renewal motion is not intended to provide a second opportunity for one who has not exercised due diligence in making an initial factual presentation (*see, Wagman v Village of Catskill*, 213 AD2d 775, 776). Here, in an attempt to fill the gaps in his proof, plaintiff has submitted several additional technical service bulletins (only two of which are relevant regarding defendants' knowledge of the defects at the time of the sale) and a more detailed affidavit from his expert, whose previous averments were rejected as "entirely conclusory" and thus without probative value (246 AD2d 724, 725, *supra*).

Plaintiff has not satisfactorily explained why he was unable to furnish these items in opposition to the original motion. His assertions that the expert was "extremely busy", and that plaintiff believed that the previous affidavit, "though brief", would be sufficient to raise a question of fact, do not rise to the level of justifiable excuses for failing to lay bare his proof before Supreme Court in the first instance (*see, Wagman v Village of Catskill, supra*, at 776; *Ramsco Inc. v Riozzi*, 210 AD2d 592, 593).

As for the technical bulletins, plaintiff offered no convincing explanation for his failure to obtain these documents—through the regular discovery process or via the extrajudicial channels he evidently used to acquire them while disclosure was stayed pending determination of defendants' motion (*see*, CPLR 3214 [b])—prior to the resolution of that motion. Consequently, Supreme Court did not abuse its discretion in refusing to grant plaintiff's request for leave to renew.

In any event, the new submissions do not, as plaintiff contends, "cure the defects" in his proof. Noticeably absent therefrom is any support for plaintiff's assertion that Queensbury was in possession of these technical bulletins, such that its personnel could be charged with knowledge of their contents (which arguably related to some of the alleged defects in plaintiff's vehicle) at the time of the sale. Nor has plaintiff proffered anything that might warrant revising our previous finding that he failed to demonstrate justifiable reliance on the salesperson's alleged misrepresentations. Hence, even if we were to revisit the merits of the summary judgment motion, taking into consideration this new evidence there is no basis for a reversal (*see, McGovern v T.J. Best Bldg. & Remodeling*, 245 AD2d 925, 927; *Rosario-Suárz v Wormuth Bros. Foundry*, 233 AD2d 575, 578).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is affirmed, with costs.