■ CARMINE LOMBARDI, Plaintiff, and PARTHIA LOMBARDI, Appellant, v JOHN COLUMBO et al., Respondents. (And a Third-Party Action.) [684 NYS2d 896] —In an action to recover damages for personal injuries, etc., the plaintiff Parthia Lombardi appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated January 28, 1998, as granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action of the complaint on the ground that she had not sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the second cause of action of the complaint is denied, and the second cause of action of the complaint is reinstated.

The Supreme Court improperly granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action of the complaint, asserted by the plaintiff Parthia Lombardi (hereinafter the appellant) to recover damages for personal injuries she allegedly sustained. The defendants were required to establish a prima facie case

that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler,* 79 NY2d 955; *Moore v Tappen,* 242 AD2d 526; *Healea v Andriani,* 158 AD2d 587).

The defendants' submissions included a report prepared by a physician who examined the appellant on behalf of the defendants almost two years after the underlying accident. This report indicated, *inter alia,* that the right lateral flexion of the appellant's cervical spine was 19 degrees less than its left lateral flexion. This objectively measured, specifically-quantified restriction of motion raises a triable issue of fact as to whether the appellant suffered a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see, Cesar v Felix,* 181 AD2d 852, 853; *Healea v Andriani, supra; Parker v Defontaine-Stratton,* 231 AD2d 412, 413; *see also, Fitzpatrick v Spottiswood,* 243 AD2d 676; *Moore v Tappen, supra; Grullon v Chang Ok Chu,* 240 AD2d 367; *Wolfram v Vassilou,* 239 AD2d 340; *Carucci v Tzimopoulos,* 238 AD2d 459). O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.