■ RICHARD CORBETT et al., Respondents, v SOLOMON FLAKS et al., Appellants. [690 NYS2d 734] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Franco, J.), dated June 24, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In his verified bill of particulars, the injured plaintiff claimed

that as a result of the accident, he suffered permanent injury to his right arm and his cervical spine. His medical records for the six-month period after the accident indicated that the condition of his right arm improved with therapy, but the condition of his neck worsened. Six months after the accident, the injured plaintiff's treating physician requested a magnetic resonance imaging examination of his neck, but that request was denied by his health insurer.

Nearly two years later, the defendants moved for summary judgment, on the ground that the injured plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). In support of their motion, they submitted an affirmation of a physician who had examined the injured plaintiff one year earlier at the request of their insurance carrier. In that affirmation the physician concluded that there was no objective sign of impairment concerning the right upper extremity relating to the accident, and stated that, in his opinion, no treatment was needed. The affirmation did not mention the injured plaintiff's neck.

The plaintiffs, in opposition, submitted an affirmation from the injured plaintiff's treating physician, stating that he recently examined the injured plaintiff and, upon clinical examination, ascertained that he was suffering from a 33 1/3% loss of range of motion in flexion of his neck, a 40% loss of range of motion in extension of his neck, a 35% loss of range of motion in right rotation of his neck, and a greater than 50% loss of range of motion in left rotation of his neck. The Supreme Court found that this affirmation demonstrated the existence of a triable issue of fact.

Since the defendants' physician, in support of the motion for summary judgment, failed to submit any evidence with respect to the current condition of the injured plaintiff's neck, the defendants failed to establish their entitlement to judgment as a matter of law (*see, Tsiamis v Wen Chaun Liu,* 259 AD2d 746). Moreover, the affirmation of the injured plaintiff's treating physician, which specifically quantified the loss in range of motion to the injured plaintiff's neck, established the existence of a triable issue of fact which precluded the granting of summary judgment (*see, Lombardi v Columbo,* 259 AD2d 524; *Ventura v Moritz,* 255 AD2d 506). Accordingly, the defendants' motion was properly denied. Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.