■ MARTIN L. SANTINI et al., Appellants, v ALEXANDER GRANT & COMPANY et al., Respondents. [708 NYS2d 97] —Order, Supreme Court, Bronx County (Barry Salman J.), entered January 15, 1999 which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered September 22, 1999 which, to the extent appealable, denied plaintiffs' motion to renew their opposition to defendants' previously granted summary judgment motion, unanimously affirmed, with costs.

Plaintiffs, in this action for accounting malpractice, allege that defendants, in the preparation of certified financial statements for their corporation and its subsidiary, Home Pack Transport, negligently failed to detect the grossly overstated value of Home Pack's Unbilled Shipping Costs account. However, plaintiffs' essential claim that the Unbilled Shipping Costs account was in fact overstated was premised exclusively upon certain computer runs the probative utility of which has been fatally compromised by this Court's order precluding substantial portions of such runs from being received in evidence by reason of plaintiffs' willful and contumacious noncompliance with discovery (*see, Santini v Grant & Co.*, 245 AD2d 30). Plainly, in the absence of any proof that the Unbilled Shipping Costs account was overstated, there was no triable issue as to defendants' liability for failing to detect the purported overstatement. Indeed, even if there had been proof of the alleged overstatement, an award of summary judgment dismissing the complaint would still have been warranted since plaintiffs failed to raise a triable issue as to whether any failure to discover an overstatement in the Unbilled Shipping Costs account had been attributable to negligence in defendants' performance of their audit upon plaintiffs' entities. Nor did the affidavit of plaintiffs' expert require a different disposition of the summary judgment motion. The expert did not examine the underlying books and records of Home Pack in preparing the affidavit offered in opposition to the summary judgment motion and, accordingly, the expert's conclusions, premised on his uncritical acceptance of plaintiffs' assertion

that the Unbilled Shipping Costs account had been overstated, are without probative value (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533-534; *Santiago v United Artists Communications*, 263 AD2d 407). Plaintiffs' additional argument, that the denial of defendants' prior summary judgment motion required denial of the summary judgment motion here at issue, is unavailing. Defendants' first motion was predicated on a different legal theory. Moreover, circumstances in the litigation had changed dramatically since the determination of the first summary judgment motion, including this Court's issuance of the preclusion order (*see, Boston Concessions Group v Criterion Ctr. Corp.*, 250 AD2d 435).

Plaintiffs' motion to renew their opposition to defendants' summary judgment motion was properly denied. The motion court correctly rejected plaintiffs' attempt to remedy the gaps in their proof by the submission of additional documents and a more detailed affidavit from their expert, whose previous averments had been rejected, since plaintiffs made no showing as to why they were unable to furnish these items in opposition to the original motion (*see, Serbalik v General Motors Corp.*, 252 AD2d 801, *lv dismissed* 92 NY2d 1001).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur— Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.