■ RICHARD H. YOUNG, an Infant, by His Mother and Natural Guardian, JANET YOUNG, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [722 NYS2d 890] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated May 11, 2000, as, upon reargument, adhered to so much of an order of the same court dated July 6, 1999, as granted that branch of the motion of the defendant New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, in effect, granted the separate motion of the defendant Snapple Beverages Corporation for summary judgment dismissing the complaint insofar as asserted against it on the same ground.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of the defendant New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied, the motion of the defendant Snapple Beverages Corporation is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a determination of that branch of the motion of the defendant New York City Transit Authority which was for summary judgment on the issue of liability.

The Supreme Court erred in granting summary judgment to the respondents, as the evidence submitted in support of their motions was insufficient to demonstrate, as a matter of law, that the injured plaintiff did not sustain a serious injury (*see, Gaddy v Eyler,* 79 NY2d 955; *Moore v Tappen,* 242 AD2d 526; *Pagano v Kingsbury,* 182 AD2d 268). Under the circumstances, it is not necessary to consider whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437).

The Supreme Court did not reach that branch of the motion of the New York City Transit Authority which was for summary judgment on the issue of liability in light of its determination on the branch of the motion alleging lack of serious injury. The matter must therefore be remitted to that court for a determination of that branch of the motion of the Transit Authority which was for summary judgment on the issue of liability. O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.