(June 28, 2001)

■ STUART SHAW et al., Appellants, v MR. BRONFMAN et al., Respondents. (And a Third-Party Action.) STUART SHAW et al., Appellants-Respondents, v MR. BRONFMAN et al., Respondents, and MERRIMACK MUTUAL FIRE INS. Co., Respondent-Appellant. (And a Third-Party Action.) [727 NYS2d 428] —Judgment, Supreme Court, New York County (Stephen Crane, J.), entered August 16, 2000, dismissing the complaint in an action for property damages and emotional distress allegedly caused by

renovations on a building adjoining that owned and occupied by plaintiffs, and bringing up for review a preclusion order entered on or about May 20, 1998 and orders entered July 13, 1999 and July 19, 2000 that cumulatively granted motions for summary judgment resulting in the dismissal of the entire complaint, unanimously modified, on the law, the motions for summary judgment as to the causes of action for trespass and nuisance against defendants Bronfman denied, and those causes of action reinstated, and otherwise affirmed, without costs. Appeals from the intermediate orders, unanimously dismissed, without costs.

Plaintiffs were properly precluded from offering evidence of negligence or damages as against defendants architect and structural engineer because of their disregard of three orders directing them to provide a bill of particulars to those defendants and to respond to their various discovery demands (*see, Santini v Grant & Co.*, 245 AD2d 30). Such claims, like those against the other contractors and the owners, must in any event be dismissed since plaintiffs were unable to identify any acts of negligence by any particular defendant. The doctrine of res ipsa loquitur does not avail plaintiffs where they cannot identify the instrumentality that caused their damages (*see, McCloghrie v Rock Corp.*, 262 AD2d 240), and where their own allegations indicate that the alleged damages could have been caused by any one of many persons wholly independent of each other, such as a designer providing faulty plans or a subcontractor performing faulty work (*see, Hardie v Boland Co.*, 205 NY 336, 341). Plaintiffs' cause of action for breach of contract against their property insurer was properly dismissed upon a record establishing that plaintiffs failed to provide a complete list of damages and to cooperate with the insurer's investigation as required by the policy (*cf., Mount Vernon Fire Ins. Co. v 170 E. 106th St. Realty Corp.*, 212 AD2d 419, *lv denied* 86 NY2d 707). The list of damages and estimates of plaintiffs' experts were given to the insurer after this action was commenced. Plaintiffs' refusal to comply with discovery orders, resulting in the order of preclusion against them, severely prejudiced the insurer's right of subrogation, in contravention of the policy (*see, Ziegler v Raskin*, 100 AD2d 814, *appeal dismissed* 63 NY2d 674, 65 NY2d 925). The cause of action for trespass, however, asserted only against defendant owners was supported by evidence of an entry onto plaintiffs' property by a steel beam emanating from the Bronfman defendants' premises without the consent or permission of plaintiffs, thereby constituting a trespass (*Basso v Miller*, 40 NY2d 233, 244). Similarly, the cause of action for nuisance,

also alleged only against the owners, was supported by a continuing intrusion on plaintiffs' premises by the steel beam utilized by the defendant contractors on behalf of the Bronfmans. Therefore, summary judgment was improper as to these causes of action. Concur—Sullivan, P. J., Ellerin, Lerner and Friedman, JJ.