■ KARA E. FERNET, Appellant, v KRISTEN R. MORVILLO et al., Defendants, and NOEL S. THORNTON et al., Respondents. [815 NYS2d 795]—

Crew III, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered October 18, 2005 in Albany County, which granted a motion by defendants Noel S. Thornton and Roman Catholic Diocese of Albany for summary judgment dismissing the complaint against them.

In August 2002 plaintiff, a passenger in the back seat of a vehicle operated by defendant Kristen R. Morvillo, sustained certain injuries when the Morvillo vehicle collided first with a

vehicle owned by defendant Roman Catholic Diocese of Albany and operated by defendant Noel S. Thornton and then with a tractor trailer operated by defendant Leonard Haley. The accident occurred at the "T" intersection of North Lake Avenue and State Route 142 in the Town of Brunswick, Rensselaer County, which was controlled by a stop sign on North Lake Avenue. Immediately prior thereto, Morvillo was proceeding north on North Lake Avenue. As Morvillo attempted to execute a left-hand turn onto State Route 142, she was struck by the minivan operated by Thornton, and the force of that impact propelled both vehicles into the path of the tractor trailer operated by Haley.

Plaintiff thereafter commenced this action against, among others, Morvillo, Thornton, the Diocese and Haley seeking to recover damages for the injuries she sustained.* Following joinder of issue and discovery, Thornton and the Diocese (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them. Supreme Court granted that motion, prompting this appeal by plaintiff.

We affirm. The evidence submitted by defendants in support of their motion for summary judgment established that prior to the accident, Thornton was proceeding southeast on State Route 142 at least six miles under the posted speed limit of 45 miles per hour. No music was playing in the minivan, Thornton was not using a cell phone and the clients Thornton was transporting were not acting out or otherwise distracting her. Thornton, who was familiar with the subject intersection and was aware that traffic was controlled by a stop sign on North Lake Avenue, testified that as she approached the intersection, the Morvillo vehicle came "whipping around the corner" and darted out into traffic "like a child running out into a road after a ball." Thornton further testified that although she attempted to brake and blow her horn, the accident happened very quickly and she could not avoid colliding with the Morvillo vehicle. Finally, defendants offered the examination before trial testimony of Kellie Conroy, who was in a car behind the Morvillo vehicle as it approached the intersection of North Lake Avenue and State Route 142. According to Conroy, Morvillo did not look to her left prior to turning onto State Route 142, and the impact between the Morvillo and Thornton vehicles occurred almost immediately thereafter.

In our view, the foregoing was more than sufficient to discharge defendants' initial burden on the motion for summary

---

* The action against Haley and the owner of the tractor trailer he was operating apparently was settled.

judgment. Although plaintiff contends that the affidavit submitted by her expert, Robert Seyfried, is sufficient to raise a question of fact as to whether Thornton could have avoided the collision, we cannot agree. Seyfried opined that a reasonably attentive individual approaching the subject intersection should have anticipated a possible "lane incursion" by another vehicle and, had Thornton been operating her vehicle in such an attentive manner, she would have had sufficient time to react to the presence of the Morvillo vehicle and either avoid or significantly diminish the severity of the ultimate collision. The flaw in Seyfried's opinion is that it finds no evidentiary support in the record. Simply put, there is nothing in the record to suggest that Thornton was distracted at the time of the accident or otherwise failed to pay attention to the task at hand, and the mere fact that Thornton ultimately could not avoid colliding with the Morvillo vehicle does not raise a question of fact as to her alleged negligence in this regard. Nor is there anything in the record to support Seyfried's unsubstantiated conclusion that Thornton had sufficient time to take evasive action. As the driver with the right of way, Thornton was entitled to anticipate that Morvillo would comply with her obligation to yield (*see Pena v Santana,* 5 AD3d 649, 650 [2004]), and Seyfried's speculative assertions regarding the amount of time an attentive driver would have had to react under the circumstances presented here ignores Thornton's uncontradicted testimony as to the amount of time she actually did have to react to the sudden presence of the Morvillo vehicle. Thus, while it is true that Thornton was obligated "to see what by the proper use of her senses she might have seen" (*Weigand v United Traction Co.,* 221 NY 39, 42 [1917]), we agree with Supreme Court that the record as a whole fails to raise a question of fact as to defendants' liability and, as such, their motion for summary judgment dismissing the complaint against them was properly granted (*see Rowe v Harrison,* 303 AD2d 863 [2003]; *Le Claire v Pratt,* 270 AD2d 612 [2000]). Plaintiff's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.