■ JACQUELYN MARMADUKE et al., Appellants, v RONALD SPRAKER et al., Respondents. [825 NYS2d 549]—

Crew III, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered January 26, 2006 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Jacquelyn Marmaduke and her spouse, derivatively, commenced this action seeking to recover for injuries allegedly sustained as the result of a motor vehicle accident that occurred in July 2003 near the intersection of State Routes 147 and 29 in the Town of Galway, Saratoga County. Prior to the underlying collision, defendant Ronald Spraker was proceeding north on State Route 147, followed by his boss, Eric Bessarab. After turning west onto State Route 29, Spraker and Bessarab, who observed what they perceived to be a "road rage" incident involving two unrelated vehicles, pulled their respective vehicles to the shoulder and parked near an entrance to the Mobil gas station located at that intersection. After the road rage incident dissipated, Spraker and Bessarab pulled into the westbound lane of State Route 29, shortly after which the vehicles operated by Spraker and Marmaduke collided as Marmaduke, who was proceeding eastbound on State Route 29, attempted to execute a left-hand turn into the Mobil station. As a result of that collision, Marmaduke allegedly sustained certain injuries to her right wrist and ankle.

Following joinder of issue and discovery, Spraker and his spouse, the registered owner of the vehicle that Spraker was driving on the day in question, moved for summary judgment dismissing the complaint, contending that Marmaduke's conduct in making an unsafe left-hand turn in front of Spraker's oncoming vehicle was the sole proximate cause of the accident. Defendants' motion was supported by, among other things, Spraker's and Bessarab's examination before trial testimony, as well as photographs of the accident scene. In opposition, plaintiffs tendered an affidavit from their attorney, as well as an

affidavit from George Ruotolo, an accident reconstruction consultant. Supreme Court ultimately granted defendants' motion for summary judgment dismissing the complaint, and this appeal by plaintiffs ensued.

Assuming, without deciding, that Supreme Court erred in applying the emergency doctrine here, we nonetheless are persuaded, based upon our review of the record as a whole, that defendants' motion for summary judgment dismissing the complaint was properly granted. The accident photographs plainly reveal that Spraker's vehicle was entirely within the westbound lane of State Route 29 at the point of impact with Marmaduke's vehicle. Those same photographs also clearly depict Marmaduke's vehicle as being well over the center line at the point of impact and support Bessarab's examination before trial testimony, wherein he stated that Marmaduke "abruptly" turned directly in front of Spraker—"almost like [Marmaduke] was trying to beat [Spraker] out to make it into the gas station," leaving Spraker "no way" to avoid the collision. As Spraker undeniably had the right of way and was entitled to anticipate that Marmaduke would comply with her obligation to yield (see Vehicle and Traffic Law §§ 1141, 1163; *Fernet v Morvillo*, 30 AD3d 670, 672 [2006]), which Marmaduke, in turn, failed to do, such proof was sufficient to discharge defendants' initial burden on the motion for summary judgment.

In opposition to defendants' motion and on appeal, plaintiffs rely upon Ruotolo's affidavit to create a question of fact as to the manner in which the accident occurred. Specifically, plaintiffs take the position that Marmaduke was in the process of executing her left-hand turn and already was in Spraker's lane of travel when Spraker reentered the highway from a parked position without first ascertaining that it was clear to do so. The flaw in plaintiffs' argument is that neither the photographic evidence nor their expert's affidavit supports this claim. Regardless of any ambiguity in Spraker's testimony as to whether he looked to the west prior to pulling into the westbound lane of State Route 29, the photographs plainly show, as noted previously, that Spraker's vehicle was entirely within the westbound lane at the point of impact, thereby obligating Marmaduke to see what was there to be seen through the ordinary use of her senses—namely, the presence of Spraker's vehicle in the westbound lane (see *Weigand v United Traction Co.*, 221 NY 39, 42 [1917]), and to yield accordingly. As to Ruotolo's affidavit, his conclusion that Spraker was in the best position to avoid the resulting collision is based upon the erroneous premise that Marmaduke observed Spraker's vehicle

parked on the shoulder, could not have anticipated Spraker's reentry onto the highway and, once confronted with Spraker's vehicle, had insufficient opportunity to take evasive action. Marmaduke testified, however, that she did not see Spraker's vehicle parked on the shoulder, did not notice Spraker's vehicle traveling in the westbound lane and, indeed, failed to observe Spraker's vehicle at any point prior to impact. Hence, any claim by plaintiffs that Spraker essentially drove into the path of Marmaduke's vehicle is entirely unsupported by the record. In short, we agree with Supreme Court that Ruotolo's affidavit fails to raise a question of fact as to the manner in which the accident occurred and, therefore, defendants' motion for summary judgment was properly granted.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.