■ DANA L. TIBBITS, Appellant, v VERIZON NEW YORK, INC., Respondent. [836 NYS2d 727]—

Peters, J.P. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered March 8, 2006 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from that part of an order of said court, entered June 21, 2006 in Albany County, which denied plaintiff's motion to renew.

Plaintiff commenced this action alleging that, under Executive Law § 296 (3) (a), defendant, her employer, denied her reasonable request for a voice recognition system or light duty assignment to accommodate her disability. After joinder of issue, defendant made a successful motion for summary judgment, contending that plaintiff failed to establish a disability within the meaning of Executive Law § 292 (21) (a). Upon the subsequent denial of plaintiff's motion to, among other things, renew (see CPLR 2221 [e]; 3212), plaintiff appealed.

It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Ware v Baxter Health Care Corp., 25 AD3d 863, 864 [2006]). Where, as here, the ultimate burden of proof rests with plaintiff to show intentional discrimination (see Ferrante v American Lung Assn., 90 NY2d 623, 630 [1997]), the proponent of a summary judgment motion must show that there is "an absence of evidence to support the nonmoving party's case" (Celotex Corp. v Catrett, 477 US 317, 325 [1986]). Thus, defendant had the burden of disproving the existence of a "disability" under the Executive Law, which is defined as "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques" (Executive Law § 292 [21] [a]).

Defendant contended that the disability that plaintiff alleged was supported only by her deposition testimony which contradicted the existence of a medically diagnosable condition. Despite plaintiff's claim of "problems" with her hands, shoulder and neck, her testimony revealed that she was able to engage in

certain household activities, although limited. It further revealed that she held two additional jobs following the termination of her employment. Finally, plaintiff stated that when she went for an initial medical consultation in April 2000, the physicians were unable to render a diagnosis, thinking that it "was a strain that would go away by itself." This led to a series of medically imposed work-related restrictions, specifying that she not work overtime. All of those restrictions were honored by defendant. When these restrictions were changed by one of her treating doctors on August 25, 2000 to a "no keyboard" directive, plaintiff orally communicated that restriction to her supervisor to support her request for either a voice recognition system or light duty assignment to accommodate her disability. That request, later faxed from the doctor to defendant, was denied by defendant on September 1, 2000. Notably, neither the note nor plaintiff's complaint identified any medically diagnosed condition. With such proof sufficient to discharge defendant's initial burden (*see Marmaduke v Spraker*, 34 AD3d 1007, 1008 [2006]), plaintiff was required to produce admissible evidence sufficient to establish a material issue of fact (*see Alvarez v Prospect Hosp., supra* at 324; *Ware v Baxter Health Care Corp., supra* at 864).

Plaintiff submitted two unsworn medical reports of her treating physicians which were inadmissible hearsay (*see Scaccia v Degener*, 207 AD2d 599, 599 [1994]; *Coon v Brown*, 192 AD2d 908, 909 [1993]). "While it is recognized that, under certain circumstances, evidence otherwise inadmissible at trial may be sufficient to defeat a motion for summary judgment, there must in such event be some competent evidence to support the motion" (*Adams v Alexander's Dept. Stores of Brooklyn*, 226 AD2d 130, 132 [1996] [citations omitted]; *see Allstate Ins. Co. v Keil*, 268 AD2d 545, 545-546 [2000]). Here, plaintiff neither proffered an excuse for her failure to tender proof in admissible form (*see Allstate Ins. Co. v Keil, supra* at 545-546; *De Thomasis v Riccardi*, 194 AD2d 849, 849 [1993]) nor other objective factual evidence to support her claim. Accordingly, Supreme Court properly found her showing to be inadequate to defeat the motion for summary judgment (*see Matter of Delta Air Lines v New York State Div. of Human Rights*, 91 NY2d 65, 72-73 [1997]; *Marmaduke v Spraker, supra* at 1008-1009).

Supreme Court's denial of plaintiff's motion to renew was also proper. "[A] motion to renew must be based upon newly discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal, along with a justifiable excuse as to why the new information was not

previously submitted" (*Wahl v Grippen*, 305 AD2d 707, 707 [2003]; *see* CPLR 2221 [e]; *Cippitelli v County of Schenectady*, 307 AD2d 658, 658 [2003]). Here, again, plaintiff's proffer was insufficient. Her affirmation detailing her inability to locate her treating physicians to obtain their sworn testimony fails to explain why this obstacle was not explained initially (*see Paduano v Boland*, 277 AD2d 979, 980 [2000]), or how any of this constituted newly discovered facts; this proof was within the purview of plaintiff's knowledge at the time of defendant's motion (*see Cippitelli v County of Schenectady, supra* at 658; *De Thomasis v Riccardi, supra* at 849). Plaintiff's explanation that she failed to offer competent proof in the first instance because she viewed defendant's proffer insufficient is similarly unavailing (*see Mgrditchian v Donato*, 141 AD2d 513, 513 [1988]; *see also Serbalik v General Motors Corp.*, 252 AD2d 801, 802 [1998], *lv denied* 92 NY2d 1001 [1998]). A motion for reconsideration is not a second chance to remedy inadequacies that occurred in failing to exercise due diligence in the first instance (*see Carota v Wu*, 284 AD2d 614, 617 [2001]).

For these reasons, we affirm both orders.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, with costs.