■ Margie Fernandez, Respondent-Appellant, v Oumarou Niamou et al., Appellants-Respondents. [885 NYS2d 486]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered July 17, 2008, which, insofar as appealed and cross-appealed from, granted defendants' motion for summary judgment dismissing all of plaintiff's threshold claims under Insurance Law § 5102 (d) except her loss of fetus claim, unanimously modified, on the law, to reinstate plaintiff's threshold claims with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury

within the meaning of Insurance Law § 5102 (d), and otherwise affirmed, without costs.

We agree with the motion court that defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law with respect to plaintiff's claim for loss of her fetus, and as a result, that the burden never shifted to plaintiff to raise a triable issue of fact with respect to that claim (cf. *Gilphilin v Ware*, 205 AD2d 353 [1994]).

Furthermore, defendants made a prima facie showing that plaintiff did not sustain a 90/180-day injury. That plaintiff missed more than 90 days of work is not determinative (*see Uddin v Cooper*, 32 AD3d 270, 271 [2006], *lv denied* 8 NY3d 808 [2007]), and no evidence in the record suggested that plaintiff was prevented from performing substantially all of the material acts that constituted her usual and customary daily activities for 90 days during the 180 days following the accident (*Ortiz v Ash Leasing, Inc.*, 63 AD3d 556 [2009]).

With respect to the permanent consequential limitation of use and significant limitation of use categories, there was a contradiction in the reports of defendants' experts. While one expert stated that any changes in plaintiff's lumbar and cervical spines were degenerative, the other expert not only failed to find any degenerative changes, but failed to rule out the possibility that plaintiff did, in fact, sustain a traumatic injury to her neck in the accident. Accordingly, we modify the order. Concur—Gonzalez, P.J., Andrias, Catterson, Acosta and Abdus-Salaam, JJ.