■ CLIFTON GIBBON, Respondent, v CITY OF NEW YORK, Appellant. [943 NYS2d 482]—

Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered January 27, 2011, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for summary judgment on the issue of liability, unanimously reversed, on the law, without costs, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment dismissing the complaint.

Viewing the record in the light most favorable to plaintiff, we find that there is no competent evidence that he suffered from a disabling medical condition that prevented him from being able to produce a urine sample (*see Matter of Delta Air Lines v New York State Div. of Human Rights*, 91 NY2d 65, 72 [1997]). Even assuming that issues of fact exist whether he suffered a medical impairment, plaintiff failed to make any showing that this impairment caused him to be unable to provide a 45-milliliter urine specimen within the required three-hour time period. None of the doctors' notes and letters upon which he relies is in admissible form, and he points to no competent evidence that may be considered in opposing defendant's motion (*see Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302 [2007]). In any event, the doctors' notes do not establish that plaintiff's alleged benign prostate hyperplasia (BPH) caused him to be unable to produce the required urine specimen. Indeed, plaintiff's treating urologist stated that his possible BPH did not explain his inability to produce an adequate urine sample. Plaintiff's internist's statement that plaintiff had BPH, "which causes problems with urination," does not contradict the urologist's flat assertion that any problems associated with BPH would not prevent the production of an adequate urine sample. The statement by another urologist (consulted nearly two years after the incident by plaintiff's attorney in connection with a prior lawsuit) that BPH "could prevent" plaintiff from producing an adequate sample is based solely on the urologist's review of plaintiff's

internist's notes and therefore has no independent probative value.

Moreover, in determining that plaintiff failed to comply with its drug test procedures, defendant was "implementing federal regulations" governing his eligibility for the assistant city highway repairer position (*see* 49 CFR part 40), and "cannot have violated state or local discrimination laws by [doing so]" (*Kinneary v City of New York*, 601 F3d 151, 158 [2010]; *see also Medard v Doherty*, 16 Misc 3d 1127[A], 2007 NY Slip Op 51593[U], *3 [2007]). Concur—Saxe, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.