Basil Bailey et al., Appellants, v Shariful M.D. Islam et al., Respondents. [953 NYS2d 39]—

The conflicting expert opinions as to the existence of a fracture in the injured plaintiff's cervical spine precludes summary dismissal. While defendants established absence of a fracture by submitting the affirmed report of their radiologist, who found no evidence of post-traumatic changes, plaintiff raised a triable issue of fact by submitting the affirmation of his radiologist averring that he found subchondral fractures at the C3 and C4 levels of the cervical spine upon review of the MRI film (*see Spagnoli-Scheman v Bellew*, 91 AD3d 414 [1st Dept 2012]; *Torain v Bah*, 78 AD3d 588, 588-589 [1st Dept 2010]).

Defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law with respect to plaintiff's claim of serious injury to his right shoulder, by submitting the reports of their orthopedist and neurologist finding full range of motion, resolved strains, and absence of ortho-

pedic and neurological disability (*see Diakite v Soderstrom*, 89 AD3d 607 [1st Dept 2011]; *Thompson v Abbasi*, 15 AD3d 95, 96 [1st Dept 2005]). Plaintiff did not submit any evidence of limitations, contemporaneous or recent, so as to defeat summary judgment as to this claim (*see Winters v Cruz*, 90 AD3d 412 [1st Dept 2011]).

Defendants also met their burden with respect to plaintiffs' 90/180-day claim by submitting plaintiff's deposition testimony showing that, although the injuries prevented him from returning to work, they did not otherwise affect his usual pre-accident activities. That plaintiff missed more than 90 days of work is not determinative of a 90/180-day injury (*see Uddin v Cooper*, 32 AD3d 270, 271 [1st Dept 2006], *lv denied* 8 NY3d 808 [2007]), and plaintiff has offered no evidence showing that he was restricted from performing substantially all of the material acts that constituted his usual and customary daily activities for 90 days during the 180 days following the accident (*see Fernandez v Niamou*, 65 AD3d 935 [1st Dept 2009]).

We note, however, that if the trier of fact determines that a fracture injury was sustained, it may award damages for all injuries causally related to the accident (*see Linton v Nawaz*, 14 NY3d 821 [2010]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549-550 [1st Dept 2010]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Román, JJ.