(March 6, 2014)

■ NITZIA JOHNSON, Appellant, v KS TRANSPORTATION INC. et al., Respondents. [982 NYS2d 15]—

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered January 16, 2013, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d), unanimously modified, on the law, the motion denied as to plaintiff's claim of significant limitation to her left knee, and otherwise affirmed, without costs.

Plaintiff alleges she suffered serious injuries to her spine and left knee when she was struck by a car while crossing the street. About four months after the accident, plaintiff underwent surgery on her left knee to repair meniscal tears and patellofemoral traumatic arthropathy.

Defendants KS Transportation Inc. and Anderson R. Rivas established their entitlement to judgment as a matter of law by showing that plaintiff did not suffer a serious injury to her

spine and left knee. Defendants submitted an orthopedic surgeon's affirmation concluding that there is "no basis to causally relate" plaintiff's alleged injuries to her spine to the accident, and stating that plaintiff had "subjective complaints of back pain which is a common complaint that occurs in the absence of any trauma." After examining an MRI of plaintiff's knee taken prior to her surgery, the orthopedic surgeon further determined that the medial and lateral meniscal tears in plaintiff's knee are the result of a degenerative condition and are "not unusual in an arthritic knee." Defendants' radiologist, who evaluated the MRI of plaintiff's knee, concluded that plaintiff's condition is "indicative of pre-existing degenerative disease." The radiologist also noted that the ligamentous, tendinous and meniscal structures showed "[n]o acute post-traumatic changes."

In response, plaintiff raised an issue of fact as to whether she sustained a significant limitation to her left knee by submitting two disability certificates completed by Dr. Ronald Krinick, the orthopedist who performed her knee surgery. On the certificates, completed shortly after plaintiff's knee surgery, Dr. Krinick indicated that plaintiff is "totally incapacitated." Dr. Krinick also wrote on one of the certificates that plaintiff "remains totally disabled." Although unaffirmed, the disability certificates are properly taken into consideration as they are not the sole basis of plaintiff's opposition (*see Pietropinto v Benjamin*, 104 AD3d 617, 618 [1st Dept 2013]). In an affirmed report, plaintiff's radiologist found evidence of diffuse trabecular bone injury in the context of trauma. Plaintiff also submitted an operative report by Dr. Krinick finding that plaintiff sustained medial and lateral meniscal tears and concluding that such injuries are "consistent with the [plaintiff's] mechanism of injury" caused by the accident (*see Bonilla v Abdullah*, 90 AD3d 466, 467 [1st Dept 2011], *lv dismissed* 19 NY3d 885 [2012]). Dr. Krinick's report is unaffirmed, but can be considered as it was reviewed by defendants' expert orthopedic surgeon in preparing his report (*see Ayala v Douglas*, 57 AD3d 266, 267 [1st Dept 2008]).

Serious injuries to plaintiff's left knee having been established, we need not address whether the other injuries claimed by plaintiff were sufficient to meet the no-fault threshold (*see Abreu v NYLL Mgt. Ltd.*, 107 AD3d 512, 513 [1st Dept 2013]; *Rubin v SMS Taxi Corp.*, 71 AD3d 548, 549 [1st Dept 2010]).

Plaintiff, however, did not raise an issue of fact as to her 90/180-day claim. The fact that plaintiff missed more than 90 days of work is not determinative (*Bailey v Islam*, 99 AD3d 633, 634

[1st Dept 2012]). Further, her testimony that she can no longer "dance like [she] used to" or go grocery shopping alone is insufficient to establish that she was "restricted from performing substantially all of the material acts that constituted [her] usual and customary daily activities for 90 days during the 180 days following the accident" (*Bailey*, 99 AD3d at 634; *see Nelson v Distant*, 308 AD2d 338, 340 [1st Dept 2003]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.